Patrick John **HIRONS**, Appellant,

v.

**DIRECTOR, PATUXENT INSTITUTION,**
Appellee.

No. 10120.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 8, 1965.

Decided Oct. 8, 1965.

**614**

Irvin N. Caplan (Court-assigned counsel), Baltimore, Md., for appellant.

Robert C. Murphy, Deputy Atty. Gen. of Maryland (Thomas B. Finan, Atty. Gen. of Maryland, on brief), for appellee.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM.

Hirons, who is presently confined in Maryland's Patuxent Institution, brought suit in the District Court under the Civil Rights Act of 1957, 42 U.S.C.A. § 1983, to enjoin the prison authorities from refusing to administer appropriate medical and surgical treatment. The District Court summarily denied Hirons' *pro se* petition without requiring an answer from the prison authorities, and did not hold an evidentiary hearing.

In the absence of an answer or evidentiary hearing, the petitioner's allegations must be accepted as true. The petition recites that he "is not receiving proper medical attention," that he has been "denied an operation on his jaw," and that this denial "may result in irreparable damage." Hirons further alleges that Dr. Cappuccio, a prison doctor, recommended on December 10, 1964, that Hirons' jaw be operated on in the very near future, and that Dr. Cappuccio's recommendation has not been acted upon.

Construing the petition in a light most favorable to the inmate, it alleges conduct which may be an improper deprivation of medical treatment seriously endangering the petitioner's physical well-being. The question presented is whether these allegations raise constitutional issues. The petitioner recites in his petition that his guarantees against "cruel and unusual punishment" have been and continue to be violated. The petitioner also rests his claim on the Fourteenth Amendment's guarantee that no state shall deprive anyone of life, liberty, or property without due process of law.

We must in these circumstances reverse the order of the District Court and remand the case with directions to require the prison authorities to answer. A prompt hearing should be held, ten months having elapsed since the prison's consulting surgeon recommended an operation. After the facts are fully developed in such a hearing the court will be in a better position to deal with the question of exhaustion of administrative remedies, and any other questions, legal or factual.