**Adell HENDERSON, Plaintiff-Appellant,**

v.

**Warden, Frank J. PATE of Joliet, Stateville Penitentiary and Director of Public Safety, Ross J. Randolph, Illinois State Penitentiary, Joliet, Illinois, Defendants-Appellees.**

**No. 16767.**

United States Court of Appeals
Seventh Circuit.

March 26, 1969.

R. Eden Martin, Chicago, Ill., for appellant.

William G. Clark, John J. George, Chicago, Ill., for defendants-appellees. John J. O'Toole, Asst. Atty. Gen., of counsel.

Before KNOCH, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.

KNOCH, Senior Circuit Judge.

The plaintiff-appellant, Adell Henderson, has taken this appeal from an order dismissing his "Criminal Complaint" in the United States District Court. Plaintiff is an inmate of the Illinois State Penitentiary. He is proceeding here mainly under the Federal Civil Rights Act, Title 42 U.S.C. § 1983 and the Federal Habeas Corpus Act,

Title 28 U.S.C. § 2241, and asks for appropriate remedies including money damages and release. He asserts that he was denied adequate medical attention and was physically mistreated by a "goon" squad apparently composed of other inmates in the penitentiary. There are other allegations of mistreatment as well. The complaint is vague. It is evident, however, that the District Judge did construe plaintiff's document liberally.

The plaintiff had on file in the District Court a prior complaint, No. 67 C 948 against Frank J. Pate and Dr. Julius Lenkcus, which plaintiff asked to have included in this appeal. In that complaint he spoke of specific medical symptoms, mentioned the taking of X-rays and being advised of negative results. It thus appears that plaintiff did receive medical attention although it apparently did not meet with his satisfaction. The District Court was not in error in dismissing a complaint where the facts pleaded contradicted the claim. United States ex rel. Lawrence v. Ragen, 7 Cir., 1963, 323 F.2d 410, 412.

As to the "goon" squad, counsel argues that these inmates must have been acting under some kind of authority in physically abusing the plaintiff. However, the allegations fall far short of alleging that these persons were acting under color of law. Kregger v. Posner, D.C., E.D., Mich. S.D., 1966, 248 F.Supp. 804, 806; Pritt v. Johnson, D.C., M.D., Pa., 1967, 264 F.Supp. 167.

Plaintiff's conclusory statements, as the District Court noted, failed to assert a claim for relief under the civil rights or habeas corpus statutes. Certainly the allegations here fail to disclose such exceptional circumstances as would justify federal intervention in the exercise by prison officials of their broad discretion in handling internal discipline and determining the nature and character of medical treatment to be afforded State prisoners. Walker v. Pate, 7 Cir., 1966, 356 F.2d 502, 504 and cases there cited; cert. den. 384 U.S. 966, 86 S.Ct. 1598, 16 L.Ed.2d 678; United States ex rel. Knight v. Ragen, 7 Cir., 1964, 337 F.2d 425, 426, cert. den. (1965) 380 U.S. 985, 85 S.Ct. 1355, 14 L.Ed.2d 277.

This Court is grateful for the devoted efforts of Mr. R. Eden Martin of the Illinois bar who represented the appellant with skill and dedication as Court-appointed counsel.

The decision of the District Court is affirmed without prejudice to the filing of a subsequent complaint or petition if the deficiencies here noted are capable of cure.

Affirmed.