Arden Francis **BLANKS, Jr.,** Appellant,

v.

W. K. **CUNNINGHAM, Jr.,** etc., and Courtland C. Peyton, Superintendent of the Virginia State Penitentiary, Appellees.

No. 12569.

United States Court of Appeals Fourth Circuit.

Argued March 5, 1969.

Decided April 11, 1969.

W. Scott Street, III, Richmond, Va., court-appointed counsel (Bremner, Byrne, Baber & Somma, Richmond, Va., on brief), for appellant.

Edward J. White, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, and Reno S. Harp, III, Asst. Atty. Gen. of Virginia, on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BUTZNER, Circuit Judges.

PER CURIAM:

Arden Francis Blanks, Jr., appeals from an order dismissing his petition for a writ of habeas corpus for failure to state a claim upon which relief could be granted. Blanks, a prisoner in the Virginia penitentiary, claims that prison

guards have subjected him to punishment that violates the Eighth and Fourteenth Amendments.[1]

In Landman v. Peyton, 370 F.2d 135 (4th Cir.), *cert. denied,* 385 U.S. 881, 87 S.Ct. 168, 17 L.Ed.2d 108 (1966), complaints concerning general conditions in the prison's maximum security building were reviewed after a plenary hearing in the district court. We agree with the district judge that many of Blanks' allegations are similar to those considered in *Landman* and need not be relitigated.

The pleadings, however, raise three issues, unresolved by *Landman,* on which Blanks is entitled to be heard. They are: (1) on two occasions Blanks was punished for requesting stationery to write to his attorney; (2) he was punished for failing to stand up for a count while he was suffering an uncontrollable epileptic seizure; and (3) guards denied him medical attention for his epilepsy.

 Wardens and guards may not abridge or impair a prisoner's access to the courts, Ex parte Hull, 312 U.S. 546, 549, 61 S.Ct. 640, 85 L.Ed. 1034 (1941), nor may they deny him reasonable opportunities for communicating with an attorney to test the validity of his conviction and the constitutionality of the punishment to which he is subjected. McCloskey v. Maryland, 337 F.2d 72, 74 (4th Cir. 1964) (dictum).

 A prisoner is entitled to reasonable medical care. Hirons v. Director, 351 F.2d 613 (4th Cir. 1965). Usually the propriety of an evidential hearing on this issue can be determined by examining the prisoner's allegations in the light of the prison's medical records. Frequently a hearing is unnecessary, but here the medical records do not reflect the action of the guards, and a

hearing should be conducted. Cf. Edwards v. Duncan, 355 F.2d 993 (4th Cir. 1966).

The judgment of the district court is vacated, and this case is remanded for proceedings consistent with this opinion.

---

1. This is Blanks' second appeal. Initially the district judge, treating his application as a complaint for a mandatory injunction, dismissed it without requiring an answer. On appeal this order was vacated, and the action was remanded for determination of the necessity for a hearing after officials of the penitentiary filed their answer. Blanks v. Cunningham, No. 10,661, mem. dec. (4th Cir., Sept. 21, 1966). Upon receipt of the answer and a copy of Blanks' prison record, the district judge decided an evidentiary hearing was unnecessary and dismissed the complaint on the pleadings.