Ronald Eugene **BROWN**

v.

**S. Kenneth CLIFF et al.**

Civ. A. No. 70–2929.

United States District Court,
E. D. Pennsylvania.

Jan. 18, 1972.

James H. Rowland, Jr., Harrisburg, Pa., for plaintiff.

Robert M. Landis, Philadelphia, Pa., R. Hart Beaver, Lebanon, Pa., for defendants.

HIGGINBOTHAM, District Judge.

## OPINION

### I. INTRODUCTION

As in so many petitions filed in behalf of prisoners, in the instant case the complaint utilizes the appropriate conclusionary language necessary to meet the constitutional and statutory test for jurisdiction. But plaintiff's complaint must be subjected to that vigorous scrutiny required in a summary judgment proceeding pursuant to Federal Rules of Civil Procedure 56.

As a consequence of the affidavits filed by all parties plaintiff's conclusionary allegations have fallen into that pit of legal insubstantiality which requires his complaint be dismissed and the granting of defendants' motions for summary judgment.

Plaintiff, a state prisoner, has filed the above-captioned action under the Civil Rights Act of 1870, 42 U.S.C. § 1983; [1] jurisdiction of this Court is premised upon 28 U.S.C. § 1343(3). Plaintiff alleges in his complaint that the defendants' "wilfully", "malicious[ly]", and "intentionally" denied him

---

1. Section 1983 reads: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

necessary and available medical treatment while incarcerated, and that as a result of this denial plaintiff's leg was nearly amputated and he "at best must look forward to a life as a cripple.[2] Plaintiff further contends that as a result of defendants' "malicious" conduct he has suffered "cruel and unusual punishment in violation of the Eighth Amendment of the Federal Constitution.[3] Defendants have all filed motions to dismiss or in the alternative motions for summary judgment under Federal Rules of Civil Procedure 56.

## II.

## "CRUEL AND UNUSUAL PUNISHMENT"

I must first consider defendants' motions for dismissal. In order for plaintiff to prevail over defendants' motion to dismiss, he must allege in his complaint the deprivation of a right "secured by the constitution and laws." More specifically, plaintiff's jurisdictional basis must be grounded on an alleged breach of the constitutional right which prohibits "cruel and unusual punishment" (Eighth Amendment). The specificity required for cruel and unusual punishment has been difficult to delineate. Mr. Justice Frankfurter reminded us in Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952), that it must be conduct which "shocks the conscience". It must "do more than offend some fastidious squeamishness or private sentimentalism about combatting crime too energetically." Thus, in Rochin, the Court found that the "forcible extraction of his stomach's contents—this course of proceeding by agents of government to obtain evidence is bound to offend even hardened sensibilities. They are methods too close to the rack and the screw to permit of constitutional differentiation." (pp. 209–210.) See also, Trop v. Dulles, 356

U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958), infra; Wright v. McMann, 387 F.2d 519 (2d Cir. 1967).

■ In the instant case, as will be noted below, the gravamen of the complaint is, at most, neglect to provide adequate medical care. It does not reach that level of wilful conduct of "the rack and the screw" nor the physical extraction of one's stomach contents. Yet, the Courts have also categorized cruel and unusual punishment as "the basic concept underlying the Eighth Amendment [as] nothing less than the dignity of man." Trop v. Dulles, supra, 356 U.S. at 100, 78 S.Ct. at 597. If the touchstone is an affront to the dignity of man, then perhaps plaintiff has pled the minimum prerequisites, (though not a scintilla more) of cruel and unusual punishment. With maximum liberality I give him the benefit of a finding that his complaint states a cause of action. Now I must ascertain whether his evidentiary proof confirms a cause of action thereby precluding defendants' motion for summary judgment.

## III.

## DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

A. *Defendants' Motions for Summary Judgment.*

The defendants have filed a motion for summary judgment with accompanying affidavits which show that plaintiff received on a regular basis the benefit of all "available" medical services, while incarcerated. Defendants' affidavits specifically show that plaintiff was admitted to the Lancaster County Prison, from the Lancaster County Hospital with a gun-shot wound of his leg on November 6, 1968; that on November 7, 1968, plaintiff complained of pain in his legs and requested the services of a doctor, and that his request was met on November 8, 1968. Thereafter, on Novem-

2. See Plaintiff's complaints, Doc. No. 1, filed October 22, 1970, and his amended complaint, filed April 19, 1971.

3. In Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962),

the Eighth Amendment provisions of the Federal Constitution were made applicable to the States through the Fourteenth Amendment.

ber 11, 1968, Dr. Pontz noted in his examination of plaintiff's wound "clear non-infectuous drainage from the wound." [4] Dr. Pontz ordered a so-called "inmate physician" to clean, irrigate, and dress the wound of plaintiff. It should be noted that the Lancaster County Prison, at this time, did not employ a full time medical doctor and had no full time medical services available on a twenty-four hour basis. Drs. Appel and Pontz were hired as independent contractors and were not required to attend the inmates on a full time basis. Indeed, each doctor was only required to report and examine inmates twice a week.

To continue the pertinent chronological sequence of events, plaintiff alleges in his complaint and affidavit that the odor from his "leg was heavy", and that he requested prison officials to allow the original attending physician (Dr. Gary Kirchner of Lancaster County Hospital) to examine his leg. Defendant, Dr. Pontz, states in his affidavit that on November 15, 1968, while examining plaintiff's leg he did detect a "slightly foul odor" from plaintiff's wound; he then states that he spoke to Dr. Kirchner about plaintiff's wound, and was told to have the plaintiff irrigate his leg daily, preferably at the time plaintiff took his scheduled showers. This procedure, as outlined by Dr. Kirchner, was substantially complied with. (See Doc. No. 23, Exh. B, ¶5, and Doc. No. 21, Exhs. 1–12). Two days later, on November 17, 1968, Dr. Pontz re-examined the petitioner's leg and found no further signs of an infection. In addition, defendants' affidavits show that petitioner was examined on November 6, 8, 11, 15, 17, 18 and 29, 1968. Moreover, it appears, and is uncontroverted by plaintiff's affidavits, that the wound of the plaintiff was also examined on December 4, 1968. (See Doc. No. 23, Exhs. A and B, and Doc. No. 21, Exhs. 1–12).

### B. *Plaintiff's Allegations and Affidavit in Opposition to Defendants' Motion.*

In his complaint, plaintiff alleges "wilful", "malicious" and "intentional" conduct by the defendants which resulted in "cruel and unusual punishment" to him. These allegations taken in "good faith" and with great liberality, as discussed, *supra*, are enough in themselves to state a cause of action under § 1983. However, conclusionary statement, unsupported by opposing affidavits are not enough to withstand a motion for summary judgment with supporting affidavits. Federal Rules of Civil Procedure 56(e). In his affidavit, plaintiff has failed to show specifically a denial of available medical services, while defendant has clearly shown the availability of services to the plaintiff. Moreover, his statements in paragraphs 3 and 5 of his affidavit [5] in opposition to defendants' motion undermine the allegations contained in his complaint that the conduct of the defendants was "malicious", and "intentionally" as a denial of available medical services.

The Court of Appeals of this Circuit, in Gittlemacker v. Prasse, 428 F.2d 1, 6 (3rd Cir., 1970), held that in a 1983 action alleging improper or inadequate medical treatment the plaintiff must allege specific conduct by prison officials which violate his constitutional rights:

> "More is needed than *a naked averment that a tort was committed* under the color of state law; *the wrongdoing* must amount to a deprivation of a right, privilege, or immunity *secured* by the Constitution and the laws of the United States. *And this must be set forth with specificity;* mere argumentative and conclusory allegations will not suffice." (Emphasis added.)

Certainly, similar specificity is required in plaintiff's affidavit opposing defendant's motions for a summary judgment.

4. See plaintiff's affidavit in opposition to defendants' motion for summary judgment, Doc. No. 7, and affidavit of Drs. Appel and Pontz, Doc. No. 23, filed on June 7, 1971, and certified on June 4, 1971.

5. ¶ 3 states in part: ". . . that he wanted to see a doctor" on November 7; plaintiff then states in paragraph 5: "That . . . Dr. Pontz looked at his leg on November 8, 1968, . . . ."

In *Gittlemacker, supra,* the Court of Appeals for the Third Circuit also held that improper or negligent medical treatment is no basis for a civil rights action.

Viewing plaintiff's complaint and supporting affidavit with the most favorable inference to plaintiff, I conclude, at most, plaintiff indicates possible negligence, or inadequate medical treatment by the defendants. Such purported harm is not one cognizable under § 1983,[6] as stated in Nettles v. Rundle, 453 F.2d 889 (3 Cir., 1971):

> "While such negligence is a tort, cognizable under state law, it does not amount to such a denial of a constitutional or federally protected right as can be redressed under the Civil Rights Act." (p. 889)

See also, Com. of Pa. ex rel. Gatewood v. Hendrick, 368 F.2d 179 (3 Cir. 1967) (improper medical treatment); United States ex rel. Johnson v. Prasse, 450 F. 2d 946 (3 Cir., 1971) (negligently providing medical treatment).

In light of the foregoing reasons, defendants' motions for summary judgment are hereby granted and plaintiff's complaint is accordingly dismissed.

---

6. Plaintiff is presently pursuing a "tort" action in Lancaster County, Court of Common Pleas, October Term, 1970, No. 108.