**Glenn R. BRETZ, Plaintiff,**

v.

**SUPERINTENDENT, CORRECTIONAL FIELD UNIT #9, Defendant.**

**Civ. A. No. 72–C–99–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

Feb. 2, 1973.

William A. Carter, III, Asst. Atty. Gen., Richmond, Va., for defendant.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court in the form of a prisoner complaint, filed *in forma pauperis* by Glenn R. Bretz, a state prisoner. This complaint was originally filed in the United States District Court for the Eastern District of Virginia and by order dated December 18, 1972 was transferred to this court. Although no jurisdiction is alleged, this court finds the complaint to come under 42 U.S.C.A. § 1983, as plaintiff argues denial of his constitutional rights under color of state law. This court has jurisdiction over such a complaint under 28 U.S.C.A. § 1343.

Plaintiff first alleges that he was subjected to cruel and unusual punishment by means of excessive and unjustified harassment over a period of a month on the part of field unit guards.

He specifically alleges that: 1) On August 8, 1972, Lieutenant Rea intimidated him by saying he would be shot if he made any move to escape; 2) On September 2, 1972, Officer R. Carter ordered plaintiff to get a haircut or be taken before the Adjustment Committee for disciplinary measures; 3) On September 16, 1972, Officer R. Carter ordered plaintiff to report to the sick bay and when asked for what reason, Officer Carter told plaintiff to "shut up" or be placed in solitary confinement; 4) On September 16, 1972, when plaintiff told Sergeant L. Miller that he was not sick and should be released from the sick bay, he was informed by Sergeant Miller that he would be held in sick bay until the authorities were ready to release him and that he would face disciplinary measures if he persisted with his questions.

Petitioner further alleges that he was deprived of his constitutional right to adequate medical care. He specifically alleges that: 1) On August 11, 1972, plaintiff was examined by Dr. Hickson at Correctional Field Unit #9, Rustburg, concerning a cyst on his face, but Dr. Hickson made no attempt to determine if it was potentially dangerous; 2) On August 11, 1972, plaintiff informed Dr. Hickson about his unstable nervous condition, but Dr. Hickson refused to treat him; 3) Since August 11, 1972, the correctional staff at Rustburg has made no attempt to avail plaintiff of medical attention concerning his problem; and 4) On September 15, 1972, plaintiff was being held in sick bay and requested an additional bed for himself, but was informed by Sergeant Miller that a mattress on the floor was all that he could expect.

Petitioner seeks a court injunction against further harassment and an order granting him adequate medical care.

Defendant has filed a motion for summary judgment, and has offered in evidence the affidavit of Glenn A. Reynolds, Superintendent of Rustburg Correctional Unit (No. 9) along with plaintiff's medical record.

In his affidavit, Superintendent Reynolds stated that plaintiff was convicted of grand larceny on June 23, 1972, escaped from Pocahontas Correctional Unit (No. 13) on August 7, 1972 and was subsequently transferred to Rustburg. Defendant further states that he received information that plaintiff was plotting another escape and Lieutenant M. S. Rea interviewed plaintiff and explained to him that he would be assigned to a gun gang and that if he tried to escape he may be shot. Defendant states that this interview was purely for educational purposes and was not for the purpose of intimidating the plaintiff.

Defendant further states that he discussed plaintiff's complaint with Guard R. Carter, who is no longer employed at Rustburg, and who denied plaintiff's allegation concerning his hair. Defendant states that plaintiff had been warned about growing his hair longer than prison regulations permitted, and that plaintiff got a haircut before disciplinary measures were instituted.

Concerning plaintiff's sickness, defendant states that plaintiff was allowed to stay in the sick bay because of a cyst which was bothering him. Plaintiff sought permission to be allowed to assist with small chores and light work while on the sick list, which would allow him freedom of movement about the camp. This was denied him because of his past escape record and he was confined to the sick bay.

Defendant further states that an escape was attempted during this period and plaintiff was suspected as being a conspirator in the attempt. Defendant states that although bars were found partially cut, there was not sufficient evidence to bring charges against plaintiff.

Defendant states that Dr. E. W. Hickson is the unit physician and that plaintiff's allegations that he was denied medical treatment for a cyst are frivolous and untrue, since plaintiff was transferred to the penitentiary hospital on September 27, 1972, where the cyst

was removed. A copy of plaintiff's medical record specifically corroborates this.

Defendant states that on September 15, 1972 plaintiff requested permission of Sergeant L. Miller to lie in the sick bay because of his cyst and that Sergeant Miller explained that the sick bay was already full. Plaintiff then suggested that a mattress be brought in and put on the floor.

Defendant states that plaintiff has twisted his complaints out of context and that he is a provocator who is constantly striving to create friction and does not accept regulations and orders well.

█ Concerning plaintiff's first allegation of cruel and unusual punishment, while prisoners cannot be subjected to arbitrary punishment by prison officials, Howard v. Smyth, 365 F.2d 428 (4th Cir. 1966), there is nothing here to indicate that plaintiff was arbitrarily punished by the defendant. In fact, the evidence indicates that plaintiff, a former escapee, was a man who had little respect for prison rules and regulations and had to be watched closely by prison officials. His complaints regarding cruel and unusual punishment are not substantiated by the facts. Accordingly, the court dismisses plaintiff's first allegation as being without merit.

█ Plaintiff's allegation concerning inadequate medical care is likewise without merit. Courts have ruled that prisoners are entitled to reasonable medical care. Blanks v. Cunningham, 409 F.2d 220 (4th Cir. 1969); Hirons v. Director, 351 F.2d 613 (4th Cir. 1965). However, as the court stated in Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970), a prisoner cannot be the ultimate judge of what medical treatment is necessary and proper for his care. Absent factual allegations or obvious neglect or intentional mistreatment, courts should place their confidence in the reports of reputable prison physicians that reasonable medical care is being rendered. Cates v. Ciccone, supra at 928. In this

instance, medical care was made available to the plaintiff by the prison physician, Dr. E. W. Hickson. The medical record indicate that plaintiff's cyst was properly treated. Therefore, plaintiff cannot properly claim that he was denied adequate medical care. The court dismisses this allegation as being without merit.

Accordingly, summary judgment should be and hereby is granted in favor of the defendant, and the plaintiff's complaint is ordered dismissed.