Gilmer Clarence **SWAIN**, Plaintiff,

v.

Doctor **GARRIBRANT**, Doctor on call at Central Prison, Raleigh, N. C., and Dr. Stanley Blackledge, Warden, Central Prison, Raleigh, Defendants.

Civ. No. 3088.

United States District Court, E. D. North Carolina, Raleigh Division.

Feb. 23, 1973.

Gilmer Clarence Swain, pro se.

Robert Morgan, Atty. Gen. by Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for defendants.

## ORDER

BUTLER, Chief Judge.

This is a civil rights action instituted under 42 U.S.C. § 1983. The plaintiff is presently incarcerated at Central Prison in Raleigh, North Carolina.

In the Summer of 1970, the plaintiff, while at Central Prison, was diagnosed as having Hodgkin's disease. The crux of this complaint is that the defendant, Dr. Garrabrant, deprived the plaintiff of proper medical care from March of 1970 through July of the same year. The plaintiff alleges that during this period he complained of knots under his left shoulder, which Dr. Garrabrant allegedly diagnosed initially as a pulled muscle. The essence of the original complaint is that Dr. Garrabrant was guilty of negligence and malpractice in failing to recognize the knots as symptomatic of Hodgkin's disease. The plaintiff alleges that he suffered damages as a result of the Hodgkin's disease progressing from a curable to an incurable stage during March–July 1970, and that it so progressed because of Dr. Garrabrant's failure to properly diagnose and treat the disease.

The original complaint, as to Dr. Garrabrant, was founded entirely on allegations of negligent malpractice of medicine. As to the other named defendant, Dr. Stanley Blackledge, the plaintiff charges only that he "inherently assisted" in the alleged wrongs by confining the plaintiff to Central Prison, where "receiving medical care is an almost impossibility."

In response to the original complaint, the Attorney General of North Carolina, on behalf of the defendants, filed a motion for summary judgment and a brief in support thereof on the ground that the plaintiff had failed to state a cause of action cognizable under 42 U.S.C. § 1983. In support of the motion for summary judgment, the defendants filed numerous medical records kept in the ordinary course of the prison's operation.

Thereafter, the plaintiff, by one Oscar Timothy Robinson, "prison writ writer" and "best friend of the plaintiff," filed a "response" to the defendants' motion

for summary judgment. This "response" actually was an amendment to the original complaint and will be treated as such. The complaint, as amended, characterized the defendants' conduct as willful and knowing and specifically designed to deny the plaintiff his rights and to inflict upon him cruel and unusual punishment.

While claims of deprivation of proper medical attention can rise to constitutional proportions under exceptional circumstances, prison officials are given wide discretion in administering medical treatment to inmates. Prewitt v. State of Arizona ex rel. Eyman, 315 F. Supp. 793 (D.Ariz., 1969), affirmed 418 F.2d 572 (9th Cir. 1969), certiorari denied 397 U.S. 1054, 90 S.Ct. 1395, 25 L.Ed.2d 670 (1970), rehearing denied 398 U.S. 915, 90 S.Ct. 1703, 26 L.Ed.2d 81 (1970). Further, a mere difference of opinion between an inmate and a prison doctor as to what medical treatment is proper does not give rise to a claim under 42 U.S.C. § 1983. Mayfield v. Craven, 433 F.2d 873 (9th Cir., 1970). Shields v. Kunkel, 442 F.2d 409 (9th Cir., 1971).

This court has examined much of the case law dealing with claims of inadequate medical treatment in actions under 42 U.S.C. § 1983, and it appears from this examination that relief has been granted only in those cases where there has been a total failure and omission to provide medical care or in cases where the medical care rendered was so inadequate and erroneous as to surpass mere negligence and to shock the conscience. The plaintiff in Wood v. Maryland Casualty Company, 322 F.Supp. 436 (W.D.La., 1971) was held to have stated a valid cause of action under 42 U.S.C. § 1983 in alleging that he was refused medical care immediately after being severely burned by another prisoner, and that he was again denied medical care after he returned to jail from a hospital at which he had eventually received treatment. The court held in that case that the refusal and total failure to treat serious burns sustained by the plaintiff constituted such exceptional circumstances as to form the basis for a valid civil rights complaint.

In Martinez v. Mancusi, 443 F.2d 921 (2d Cir., 1970) the plaintiff was held to have stated a valid cause of action under 42 U.S.C. § 1983 for denial of adequate medical treatment. In this case, there also existed exceptional circumstances. The plaintiff, who had undergone surgery on his right leg, was made to walk back to his prison cell, despite orders from a surgeon that he not be moved, and without a discharge from the hospital. Again, the court held that the alleged conduct constituted more than mere negligence.

This court has found no case sustaining the validity of a complaint filed under 42 U.S.C. § 1983 for improper medical treatment where there did not exist such exceptional circumstances as cited above, or the total failure to provide medical care.

Simple malpractice is not a sufficient basis for a cause of action under 42 U.S.C. § 1983. See Shields v. Kunkel, 442 F.2d 409 (9th Cir., 1971). A complaint alleging merely improper medical treatment by prison officials, without the presence of exceptional circumstances, even if true, does not allege a denial of rights secured by the Constitution, and is not cognizable under 42 U.S.C. § 1983, Commonwealth of Pennsylvania ex rel. Gatewood v. Hendrick, 368 F.2d 179 (3rd Cir. 1966), certiorari denied 386 U.S. 925, 87 S.Ct. 899, 17 L.Ed.2d 797 (1967).

The above cited case law clearly indicates that the plaintiff's original complaint, alleging only negligent malpractice of medicine, fails to state a cause of action cognizable under 42 U.S.C. § 1983.

The amended complaint characterized the alleged improper medical care as intentional and designed to inflict cruel and unusual punishment. As

**634**

previously stated, the defendants have submitted to the court numerous medical records pertaining to the plaintiff. This court, in ruling on the motion for summary judgment, is permitted to rely on those records kept in the ordinary course of operations, Day v. Rice, No. 13,408 (4th Cir. 1969). Those records completely refute any allegations of intentional mistreatment of the plaintiff. The records indicate that the plaintiff was treated only three times by Dr. Garrabrant between January and June of 1970, and two of those occasions involved maladies unrelated to plaintiff's complaints about his left shoulder. During this time period, he was treated or examined by three other doctors. On March 23, 1970, one Dr. Howell had an X-ray made of the plaintiff's left shoulder, and it was returned showing nothing abnormal. The medical records indicate that upon diagnosis of plaintiff's Hodgkin's disease, he received extensive treatment at the Central Prison hospital, at Rex Memorial Hospital in Raleigh, North Carolina, and at the North Carolina Memorial Hospital in Chapel Hill. Such extensive treatment refutes the allegations of intentional mistreatment of the plaintiff. The plaintiff was paroled on May 13, 1971, and until he was returned to prison on December 4, 1971, for violating the conditions of his parole, he returned to North Carolina Memorial Hospital for only two treatments. It was only after he was returned to prison that he again received regular treatments for his disease.

This court is of the opinion that the plaintiff's complaint as to Dr. Garrabrant is without merit.

█ The only act complained of in regard to the defendant, Dr. Stanley Blackledge, is that he restrains the plaintiff within the confines of Central Prison. This claim is also without merit, in that it fails to indicate any personal participation by the defendant Blackledge in the alleged wrongs. See Barrows v. Faulkner, 327 F.Supp. 1190 (N. D.Okl., 1971). Now, therefore,

It is ordered that the complaint be, and the same is hereby, dismissed.