**William Thornton BLAKEY**

v.

**SHERIFF OF ALBEMARLE COUNTY.**

**Civ. A. No. 72–C–7–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Jan. 4, 1974.

 

Charles R. Haugh, Commonwealth's Atty., Charlottesville, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

This proceeding involves a civil action against George Bailey, Sheriff of Albemarle County, Virginia, filed *pro se* by William Thornton Blakey, a Virginia State prisoner, pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff alleges that while he was incarcerated in the Albemarle County Jail from August 22 to December 15, 1971, the defendant failed to provide proper medical treatment. He avers that the defendant was aware that twenty of his teeth required medical attention and that he was suffering daily pains in his right ear and headaches due to his dental problems. Additionally, he contends he requested that the defendant obtain medical treatment, and that this request was denied. He concludes that defendant's acts constitute cruel and unusual punishment in violation of the Eighth Amendment to the U. S. Constitution and seeks $150,000 in damages.

Initially, plaintiff's action was dismissed by this court on August 18, 1972, for failure to state a claim upon which relief might be granted. 349 F.Supp. 125 (W.D.Va., 1972). On appeal, this judgment was vacated and the case remanded so that the record could be supplemented with evidence from the prison medical records and an affidavit from the prison doctor who allegedly made regular visits to the county jail. 473 F.2d 908 (4th Cir. 1973) (mem.). In accordance with the Court of Appeal's opinion, the case was reinstated on the docket and the defendant ordered to provide the requested information. Defendant has submitted an affidavit, as well as the sworn affidavits of Dr. Marshall T. Garrett, the physician contracted to visit inmates confined in the Albemarle County Jail during plaintiff's incarceration; Lewis Dunn, the Chief Jailer at the Albemarle County Jail during plaintiff's incarceration; and a copy of the special visitation form of the Department of Welfare and Institutions for August, 1971.

In his affidavit, defendant states that during the period in question no records were maintained of Dr. Garrett's visits to the jail except when Dr. Garrett was called to treat an individual inmate. The special visitation report form submitted by the defendant shows that Dr. Garrett visited the plaintiff on August 22, 1971, the day he arrived at the Albemarle County Jail. Therefore, in order to supplement the record in accordance with the Fourth Circuit's opinion, the court will have to rely on the affidavit of Dr. Garrett.

Dr. Garrett states that he first treated the plaintiff for tooth ailments in jail during the period August, 1969 to June, 1970. He saw him at least one time subsequent to his release and prescribed medication for tooth and gum infection. He next examined the plaintiff in jail on August 22, 1971. During the remainder of plaintiff's incarceration at Albemarle County Jail, he was seen four additional times by Dr. Garrett, during his regular visits to the jail. Dr. Garrett treated the plaintiff for gum infection and prescribed penicillin. Dr. Garrett states that he might have given him pain medication, however, he was not positive, and did not remember the plaintiff complaining of much pain. Further, he states that the plaintiff did not request to see a dentist and that he treated him in order to clear up the infection so that he could later go to a dentist, in accordance with the general practice in this type of situation.

Lewis Dunn, the Chief Jailer at Albemarle, states in his affidavit that the plaintiff did request to see a dentist on several occasions. Upon each request

Mr. Dunn informed the plaintiff that a dentist was available to inmates and that he would arrange an appointment. The plaintiff, however, refused this offer, stating that his jaw was broken, and then demanded to see a specialist. Mr. Dunn informed the plaintiff that it would be necessary to first see the state appointed dentist and if he recommended a specialist, an appointment would be arranged.

 A prison inmate must be accorded reasonable medical care, Blanks v. Cunningham, 409 F.2d 220, 221 (4th Cir. 1969); Hirons v. Director, Patuxent Institution, 351 F.2d 613 (4th Cir. 1965). Plaintiff has alleged that the treatment he received while confined at the Albemarle County Jail was so unreasonable as to constitute cruel and unusual punishment. After examining the plaintiff's allegations in light of the attending physician's affidavit, the court opines that an evidentiary hearing on the controverted issues is not necessary. *See* Cates v. Ciccone, 422 F.2d 926, 928 (8th Cir. 1970); 409 F.2d 220. In order to establish a constitutional deprivation cognizable pursuant to § 1983 the treatment complained of must suggest "conduct that shocks the conscience." Rochin v. California, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396 (1952); see Robinson v. California, 370 U.S. 660, 676, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) (Douglas, J., concurring); Church v. Hegstrom, 416 F.2d 449, 451 (2nd Cir. 1969); Beard v. Lee, 396 F.2d 749 (5th Cir. 1968). Plaintiff has not made a factual presentation of abusive mistreatment or total deprivation of medical care. *See* Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970); Bishop v. Cox, 320 F.Supp. 1031 (W.D. Va.1970); Argentine v. McGinnis, 311 F.Supp. 134 (S.D.N.Y.1969). Rather, he asserts, at most, a difference of opinion regarding the type of medical care appropriate for his dental ailments. Clearly, this does not present a controversy meriting federal intervention. See 422 F.2d at 927. In addition, Dr. Garrett examined plaintiff on several occasions and treated his dental ailments. Plaintiff was also advised that treatment by a dentist or dental specialist was available. The circumstances of this controversy indicate that plaintiff has failed to present a constitutional deprivation, and therefore, it is appropriate to order that his complaint be dismissed.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and to counsel for respondent.