**Lawrence MATHIS, II, Plaintiff,**

**v.**

**Gerald R. PRATT et al., Defendants.**

**No. 73 C 67.**

United States District Court,
N. D. Illinois, W. D.

April 17, 1974.

Lawrence Mathis, pro se.

Jay S. Judge and James R. Schirott, Judge, Hunter & Schirott, Park Ridge, Ill., for all defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants' motions to dismiss the complaint.

This is a pro se action seeking to redress the alleged deprivations of the plaintiff's civil rights guaranteed by the United States Constitution and protected by the Civil Rights Act of 1871, 42 U.S. C. § 1983. This Court apparently has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3).

The plaintiff Lawrence Mathis II is presently incarcerated in the Illinois State Penitentiary at Menard, Illinois. The defendant Gerald R. Pratt is the Sheriff of Winnebago County. The defendant Joseph Mandell is Superintendent of the Winnebago County Jail. Defendant Dr. Curtice Steffen is employed by the Winnebago County Jail to provide medical treatment for its inmates.

The plaintiff, in his complaint, alleges the following facts, *inter alia*:

1. On the 17th day of November, 1972, at approximately 10:00 A. M., defendant Steffen did refuse to treat the plaintiff, medically, in order that the plaintiff could be relieved of nervous tension. This nervous condition has existed since the plaintiff's duty in the Armed Forces of the United States. The plaintiff did in fact inform the defendant Dr. Steffen of the condition, yet the defendant persisted in his refusal of medical treatment. The defendant Dr. Steffen did refuse to medically treat the plaintiff in order that the plaintiff could be relieved of the effects of addiction to barbituates, refuse to continue to authorize the prescription for, or to prescribe by renewal, the plaintiff's prior prescription of Thorizine-75mg.

2. On the 17th day of November, 1972, defendant Joseph Mandell did fail to provide adequate medical attention to the plaintiff, did fail to instruct the defendant Dr. Steffen to provide proper medical attention or to otherwise ensure that the plaintiff would receive proper medical treatment for his illness.

3. On the 17th day of November, 1972, defendant Gerald R. Pratt, Sheriff of Winnebago County, did fail to provide adequate medical attention to the plaintiff, knowing the plaintiff to be suffering from an illness which required such medical attention. Defendant Gerald R. Pratt, on several occasions ordered the plaintiff to be placed in maximum security isolation, to avoid providing the plaintiff with medical attention, and any other requests the plaintiff may make of him, or other employees of the Winnebago County Jail facilities. Defendants Joseph Mandell and Dr. Steffen are employed by Gerald R. Pratt. Therefore, Gerald R. Pratt is also responsible for the actions of defendants Mandell and Steffen, while they are on duty as employees of the Winnebago County Jail facilities.

4. Defendants Gerald R. Pratt, Joseph Mandell, and Dr. Steffen on many occasions referred to the plaintiff as a mad animal, treated the plaintiff with little or no respect, and denied the plaintiff the rights and privileges given the other inmates, without just cause. The actions of the defendants, on November 17, 1972 were unprovoked and endangered the health of the plaintiff. The plaintiff, Lawrence Mathis II, has suffered adverse affects to his nervous condition, and has been caused a great deal of mental anguish, as a result of the action of the defendants. The plaintiff further alleges that Gerald R. Pratt, Joseph Mandell and Dr. Steffen did conspire to oppress, intimidate, and cause undue hardship to the plaintiff, Lawrence Mathis II, in the free exercise of: (1) the right to the full enjoyment of the services, privileges, advantages and accommodations of the Winnebago County Jail facilities; (2) the right to the equal utilization, without discrimination upon the basis of race, of facilities and programs in the Winnebago County Jail facilities, Rockford, Illinois.

In essence, the plaintiff, appearing pro se, alleges that on November 17, 1972 his constitutional rights were violated when the prison doctor, Dr. Curtice Steffen, refused to continue a prescription of Thorizine. The plaintiff alleges with specificity not only the date of the incident but also the purpose for which he sought the Thorizine and the results of Dr. Steffen's failure to provide the Thorizine. However, the plaintiff's complaint is void of any allegations that the defendants Gerald R. Pratt or Joseph Mandell were present or that they had any knowledge as to the activities at that time and place.

The defendants, in support of their motions to dismiss, contend that the plaintiff fails to state a claim upon which relief can be granted. It is the opinion of this Court that the motions of the defendants are meritorious.

## I. THE PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION AGAINST THE DEFENDANTS PRATT AND MANDELL.

The plaintiff's complaint is void of any allegation of personal involvement by either Joseph Mandell or Gerald R. Pratt in making the decision as to what medical treatment was necessitated by the plaintiff's condition.

The plaintiff alleges in paragraph 3 of his complaint that the defendant Gerald R. Pratt is responsible for the acts of defendants Joseph Mandell and Dr. Curtice Steffen because he is the Sheriff of Winnebago County. Implicit in this statement is the idea that Joseph Mandell is likewise responsible for the acts of Dr. Steffen because he is the Superintendent of the County Jail. However, absent some allegation of personal involvement, liability under such circumstances could only be premised upon a theory of vicarious liability.

The doctrine of *respondeat superior* does not apply in civil rights cases brought under 42 U.S.C. § 1983. See Ashenhurst v. Carey, 355 F.Supp. 1101 (N.D.Ill.1973); Hampton v. City of Chicago, 339 F.Supp. 695 (N.D.Ill.1972); Barrows v. Faulkner, et al., 327 F.Supp. 1190 (N.D.Okla.1971); Sanberg v. Daley, 306 F.Supp. 277 (N.D.Ill.1969). Further, courts have uniformly held that governmental supervisory personnel are not liable for damages to one injured by subservient personnel absent direct personal participation. Jennings v. Davis, 339 F.Supp. 919 (W.D.Mo.1972); Nugent v. Sheppard, 318 F.Supp. 314 (N.D.Ind.1970); Mack v. Lewis, 298 F.Supp. 1351 (S.D.Ga.1967); Patrum v. Martin, 292 F.Supp. 370 (W.D.Ky.1968); Runnels v. Parker, 263 F.Supp. 271 (C.D.Cal.1967); Pritchard v. Downie, 216 F.Supp. 621 (E.D.Ark.1963); Jordan v. Kelly, 223 F.Supp. 731 (W.D.Mo.1963).

Thus it is clear that the plaintiff has failed to adequately state a cause of action against the defendants Pratt and Mandell.

## II. PRISON AUTHORITIES ARE VESTED WITH BROAD DISCRETION IN ADMINISTERING TO MEDICAL NEEDS OF PRISONERS, AND THE INSTANT COMPLAINT FAILS TO STATE A CAUSE OF ACTION AGAINST DR. STEFFEN.

■■ It is undisputed that prisoners are entitled to reasonable medical care. Blanks v. Cunningham, 409 F.2d 220 (4th Cir. 1969); Hirons v. Director, 351 F.2d 613 (4th Cir. 1965). However, it is well settled that prison authorities have wide discretionary powers as to the type of medical treatment which is required under the particular circumstance. Absent allegations of cruel and unusual behavior, federal courts will generally not inquire into the adequacy or the sufficiency of such care. Pinkston v. Bensinger, 359 F.Supp. 95 (N.D. Ill.1973).

■ In order to state a claim on which relief can be granted, the plaintiff must allege an abuse of discretion by prison authorities in providing medical treatment for prisoners. Haskew v. Wainwright, 429 F.2d 525 (5th Cir. 1969); Lawrence v. Wainwright, 440 F. 2d 379 (5th Cir. 1971). While claims of deprivation of medical attention can give rise to a constitutional tort under the most extreme circumstances, prison officials are given wide discretion in administering medical treatment to inmates. Prewitt v. State of Arizona ex rel. Eyman, 315 F.Supp. 793 (D.Ariz.1969), aff'd 418 F.2d 572, cert. denied, 397 U.S. 1054, 90 S.Ct. 1395, 25 L.Ed.2d 670, rehearing denied, 398 U.S. 915, 90 S.Ct. 1703, 26 L.Ed.2d 81; Swain v. Garribrant, 354 F.Supp. 631 (E.D.N.C.1973). For a complaint to properly allege a failure to provide a prisoner with medical care in violation of his fourteenth and/or eighth amendment rights it must suggest the possibility of some "conduct that shocks the conscience" or a "barbarous act". Church v. Hegstrom, 416 F. 2d 449 (2nd Cir. 1969); Bishop v. Cox, 320 F.Supp. 1031 (W.D.Va.1970). For a denial of medical treatment for a prisoner to be actionable under Section 1983, in the absence of a showing of intent to cause harm, courts have generally relied upon the presence of severe and obvious injuries. See Church v. Hegstrom, supra.

In the instant action, the plaintiff merely alleges that the medical authority of the jail denied him medication where he requested such medication. Plaintiff alleges that Dr. Steffen, the prison medical authority, refused to renew a prescription of "Thorizine" for the plaintiff even though the plaintiff admitted he was a drug addict. Obviously this amounts to no more than a difference of opinion between the plaintiff and Dr. Steffen as to whether his then existing condition merited such a prescription.

■ A mere difference of opinion between an inmate and a prison doctor as to what medical treatment is proper does not give rise to a claim under the Civil Rights Act of 1871. Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970); Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971); Swain v. Garribrant, supra. Such a claim of improper medical treatment does not constitute a denial of rights secured by the United States Constitution. Kontos v. Prasse, 444 F.2d 166 (3rd Cir. 1971); Gittlemacker v. Prasse, 428 F.2d 1 (3rd Cir. 1970); Henderson v. Pate, 409 F.2d 507 (7th Cir. 1969); United States ex rel. Lawrence v. Ragen, 323 F.2d 410 (7th Cir. 1963); Coppinger v. Townsend, 398 F. 2d 392 (10th Cir. 1968).

If the law was otherwise, prison medical authorities would be required to acquiesce to a prisoner's demands anytime there is a difference of opinion as to the medical care to be prescribed. A prisoner cannot be the ultimate judge of what medical treatment is necessary or proper for his care. In the absence of factual

allegations of neglect or intentional mistreatment, a court must place its confidence in the hands of prison medical authorities. Further, the plaintiff has failed to sufficiently allege any specific injury or malice on the part of the defendant. It is clear that the plaintiff's claim against Dr. Steffen under the most favorable interpretation of the facts alleged in the complaint fails to adequately state a cause of action under the Civil Rights Act of 1871, 42 U.S.C. § 1983.

Accordingly, it is hereby ordered that the defendants' motions to dismiss are granted and this cause is dismissed.