**James E. X. STOKES**

v.

**Dr. HURDLE et al.**

**Civ. No. 73–494–B.**

United States District Court,
D. Maryland.

March 26, 1975.

James E. X. Stokes, pro se.

Francis B. Burch, Atty. Gen. of Maryland, John P. Stafford, Jr., and Emory A. Plitt, Jr., Asst. Attys. Gen., Baltimore, for defendants.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

Plaintiff, incarcerated at the Maryland Penitentiary, has brought this civil rights action under 42 U.S.C. § 1983 (1970), alleging that he was denied dental treatment while in segregation at the penitentiary. Plaintiff claims that denying routine dental treatment only to inmates in segregation, while granting such treatment to the general prison population, violates the Equal Protection Clause of the Fourteenth Amendment. He also claims that the denial of dental treatment constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Plaintiff requests declaratory and injunctive relief, as well as compensatory and exemplary damages. Jurisdiction of this court is grounded upon 28 U.S.C. § 1343(3)(1970).

The original defendants in this case were Dr. Brown, alleged to be the dentist of the Maryland Penitentiary, and Gerald McClellan, the warden of the penitentiary. Plaintiff later moved to add Dr. Hurdle as a defendant and drop Dr. Brown, after plaintiff discovered that Dr. Hurdle was the actual dentist who he alleges denied him dental treatment. Plaintiff's motion was granted, and Dr. Hurdle was added as a party defendant. Stokes v. Brown, Civil No. 73–494–B, at 1 (D.Md., July 16, 1974) (Memorandum and Order).

On July 2, 1973, defendants moved to dismiss or, in the alternative, for a summary judgment, on the grounds that plaintiff failed to exhaust his state administrative remedies, that he failed to state a claim upon which relief could be granted, and for lack of subject-matter jurisdiction. The motion was denied. Stokes v. Brown, Civil No. 73–494–B (D.Md., July 16, 1974) (Memorandum and Order). Defendants were given leave to file additional motions or otherwise answer.

On October 7, 1974, defendants filed a supplemental motion for summary judgment, together with a sworn affidavit of Dr. Wilfred J. St. Cyr, D.D.S., a dentist employed by the Maryland Penitentiary. Attached to the affidavit are the plaintiff's prison dental records; in the affidavit Dr. Cyr states that these records were kept in the ordinary course of business under his direct supervision and control. On October 18, 1974, the plaintiff filed a sworn affidavit entitled "Memorandum In Opposition to Supplemental Motion For Summary Judgment." The pleadings and affidavits filed by the parties disclose the following undisputed facts:

Plaintiff was placed in segregation at the penitentiary following a disciplinary hearing on February 27, 1973. Plaintiff had been scheduled for an appointment to have some teeth filled on February 28, 1973. The policy of the prison, however, was to provide only emergency dental care to prisoners housed in segregation. Hence, on February 28, plaintiff was informed by an unnamed medical officer that his dental appointment could not be kept, pursuant to that policy. Plaintiff then made several written requests to the warden for dental care. Having received no reply or dental care by March 12, plaintiff wrote to the Governor and the Inmate Grievance Commission seeking redress. On March 16, he was still in pain and his teeth had not been filled. An unnamed dental specialist then told him that he would soon have a dental appointment and have some corrective work done on his jaws.

The plaintiff saw Dr. Hurdle on March 21, 1973; Dr. Hurdle examined the plaintiff and made an appointment

for him to see Dr. Cappuccio, a specialist. Hurdle refused to fill plaintiff's teeth at that time, citing the prison's policy to perform only emergency work on inmates in segregation. On April 2, 1973, the plaintiff saw Dr. Cappuccio, who examined him and took four x-rays. As a result of the examination, plaintiff was diagnosed as having a malocclusion of the upper left and right second molars and subluxation of the left and right condyles. The doctor recommended that plaintiff be assigned for operative dentistry and that he be given injections of sclerosing solution into his left and right condyles. Dr. Cappuccio noted on the records that there was no emergency and that plaintiff was in no pain or discomfort. Plaintiff does not allege that the prescribed injections were not given.

Plaintiff admits that he received some dental restoration work in June or July of 1973. The records also disclose that plaintiff was given further dental care in November (when he was advised to have a tooth extracted, which he refused) and December of 1973, and in January and April of 1974. It is the opinion of Dr. Cyr that the plaintiff has been given proper dental care in accordance with standard practice. Plaintiff, however, maintains that he needs further restorative work and that, because of the failure to give earlier dental care, he must now have a tooth extracted.

The only pure factual dispute appears to be whether or not plaintiff was in pain and discomfort when he first saw Dr. Hurdle and Dr. Cappuccio.

### Equal Protection Claim

Plaintiff first contends that the prison's practice, carried out by defendants, of providing only emergency dental care to prisoners in segregation, while providing routine dental care to the general prison population, violates the Equal Protection Clause of the Fourteenth Amendment. The traditional standard of review when a state practice is challenged on equal protection grounds "requires only that the State's system be shown to bear some rational relationship to legitimate state purposes." San Antonio School Dist. v. Rodriguez, 411 U. S. 1, 40, 93 S.Ct. 1278, 1300, 36 L.Ed.2d 16 (1973); accord, McGinnis v. Royster, 410 U.S. 263, 271, 93 S.Ct. 1055, 35 L. Ed.2d 282 (1973); Kersh v. Bounds, 501 F.2d 585, 588 (4th Cir. 1974), cert. denied, 420 U.S. 925, 95 S.Ct. 1120, 43 L. Ed.2d 394 (1975); United States ex rel. Raymond v. Rundle, 276 F.Supp. 637, 638 (E.D.Pa.1967).

■ The prison officials, of course, have a great interest in maintaining prison order and discipline among the inmate population. Certain privileges may thus be curtailed to a particular class of inmates if the curtailment is reasonably related to the maintenance of such order and discipline. United States ex rel. Raymond v. Rundle, 276 F.Supp. 637, 638 (E.D.Pa.1967).

■ Prisoners in segregation necessarily, by their very nature, require direct, individual supervision when traveling from one area of the prison to another. Since routine dental care may require many visits to the prison dentist, the prison officials may reasonably conclude that routine dental care be temporarily curtailed due to the shortage of personnel to supervise such visits. Under such circumstances, a rule allowing only emergency dental care for prisoners in segregation is reasonably related to the valid goal of maintaining order and discipline among the inmates. Cf. Kersh v. Bounds, 501 F.2d 585 (4th Cir. 1974), cert. denied, 420 U.S. 925, 95 S. Ct. 1120, 43 L.Ed.2d 394 (1975); United States ex rel. Raymond v. Rundle, supra at 639.

■ Moreover, prison officials "must have a wide discretion in promulgating rules to govern the prison population and in imposing disciplinary sanctions for their violation." McCloskey v. Maryland, 337 F.2d 72, 74 (4th Cir. 1964). Hence, within the broad limits set by the Eighth Amendment, prison officials may validly impose a system of rewards and punishment to encourage

good behavior and discourage breach of the prison rules. Johnson v. Anderson, 370 F.Supp. 1373, 1384 (D.Del.1974). Accordingly, the officials may, consistent with the Equal Protection Clause, withdraw certain privileges, such as routine dental care, from those who have violated prison rules, as long as the deprivation does not itself violate the Eighth Amendment's prohibition against cruel and unusual punishment. Thus, the only question in this case is whether the plaintiff, under the circumstances, was denied the dental care that is constitutionally due.

### Eighth Amendment Claim

■ In this circuit, a prisoner is constitutionally entitled to reasonable medical care,[1] the scope of which encompasses reasonable dental care as well. Collins v. Schoonfield, 344 F.Supp. 257, 277 (D.Md.1972); Blakey v. Sheriff of Albemarle County, 370 F.Supp. 814 (W.D. Va.1974). This entitlement is based upon the Eighth Amendment prohibition against cruel and unusual punishment. Brown v. Cliff, 341 F.Supp. 177, 178 (E.D.Pa.1972). However, the scope of what care is "reasonable" has not been further delineated by the Fourth Circuit. Other circuits and districts, however, have adopted narrow and specific tests as to when the deprivation or inadequacy of prisoner medical care violates the Constitution.

■ It is unanimously agreed that a total denial of necessary or essential medical care violates the Eighth Amendment and is therefore actionable under 42 U.S.C. § 1983. Thomas v. Pate, 493 F.2d 151 (7th Cir. 1974), vacated on other grounds sub nom., Cannon v. Thomas, 419 U.S. 813, 95 S.Ct. 288, 42 L.Ed.2d 39 (1974); Jones v. Lockhart, 484 F.2d 1192, 1194 (8th Cir. 1973); Corby v. Conboy, 457 F.2d 251, 254 (2d

Cir. 1972); Campbell v. Beto, 460 F.2d 765 (5th Cir. 1972); Shields v. Kunkel, 442 F.2d 409, 410 (9th Cir. 1971); McDonald v. Boslow, 363 F.Supp. 493, 498 (D.Md.1973); Brown v. Cliff, 341 F.Supp. 177, 178 (E.D.Pa.1972); see Hirons v. Director, Patuxent Inst., 351 F.2d 613, 614 (4th Cir. 1965). In determining whether medical care was "essential" in a given case, the question is whether a physician exercising ordinary skill and care would have concluded that the symptoms evidenced a serious injury; whether the potential for harm by reason of delay or denial of medical care was substantial; and whether such harm did result. Thomas v. Pate, *supra* at 158; see Lunsford v. Reynolds, 376 F.Supp. 526, 529 (W.D.Va.1974). Hence, a deprivation of medical treatment that seriously endangers the prisoner's well-being would be actionable. See Hirons v. Director, Patuxent Inst., *supra* at 614. However, a single, isolated denial of medical treatment would likely only amount to mere negligence, which is not sufficient to show a violation of the Eighth Amendment, at least where no substantial harm resulted from the failure to provide care. Lunsford v. Reynolds, *supra* at 529.

■ In this case there was a period of three weeks during which dental care was denied. However, as evidenced by the dental records prepared when plaintiff did see the dentist and upon which the court may reasonably rely,[2] the plaintiff's dental problems were not serious. Even when plaintiff saw Dr. Cappuccio in April, his condition was not considered an emergency. Clearly, the potential for harm by reason of delay— at most the extraction of a tooth—was not substantial, and no substantial harm in fact resulted from the three-week delay. Under such circumstances, this court holds that the initial denial of

1. Blanks v. Cunningham, 409 F.2d 220, 221 (4th Cir. 1969); Edwards v. Duncan, 355 F.2d 993, 994 (4th Cir. 1966).

2. Jones v. Lockhart, 484 F.2d 1192, 1194 (8th Cir. 1973); Ross v. Bounds, 373 F.

Supp. 450, 452 (E.D.N.C.1974); Swain v. Garribrant, 354 F.Supp. 631 (E.D.N.C. 1973); see Blanks v. Cunningham, 409 F.2d 220 (4th Cir. 1966).

medical care was not a violation of the Eighth Amendment.

Plaintiff further contends, however, that the dental care he did receive was inadequate and that, in fact, he needs further care. The question is therefore whether the care that plaintiff did receive was "reasonable." Again, the Fourth Circuit has provided no specific guidelines in judging the reasonableness of medical care actually given. Other circuits, however, have explicitly provided specific tests to determine the constitutional adequacy of medical care provided.

■ It is agreed that if the inadequacy or impropriety of the treatment constitutes only negligent malpractice in diagnosis or treatment under state law, no constitutional claim under section 1983 is stated. Jones v. Lockhart, 484 F.2d 1192, 1193 (8th Cir. 1973); Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972); Nettles v. Rundle, 453 F.2d 889 (3d Cir. 1971); Shields v. Kunkel, 442 F.2d 409, 410 (9th Cir. 1971); Isenberg v. Prasse, 433 F.2d 449 (3d Cir. 1970); Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969); Swain v. Garribrant, 354 F.Supp. 631, 633 (E.D.N.C.1973). Further, prison officials are given wide discretion in the actual administering of medical care to prisoners. Flint v. Wainwright, 433 F.2d 961 (5th Cir. 1970); Ross v. Bounds, 373 F.Supp. 450, 452 (E.D.N.C.1974); Swain v. Garribrant, *supra* at 633. The inadequate or improper treatment must be so cruel and unusual as to violate the Eighth Amendment. Martinez v. Mancusi, 443 F.2d 921, 923 (2d Cir. 1970); Gittlemacker v. Prasse, 428 F.2d 1, 6 (3d Cir. 1970). Thus, in the various circuits, the federal courts will not interfere with the prison officials' exercise of discretion unless there is an "abuse of discretion," Flint v. Wainwright, 433 F.2d 961 (5th Cir. 1970); treatment so improper or inadequate as to "shock the conscious," Dewell v. Lawson, 489 F.2d 877 (10th Cir. 1974); Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969); Blakey v. Sheriff of Albemarle County, 370 F.Supp. 814 (W.D.Va.1974); "exceptional circumstances" approaching failure to provide care at all, Shields v. Kunkel, 442 F.2d 409, 410 (9th Cir. 1971); Stiltner v. Rhay, 371 F.2d 420 (9th Cir. 1967), cert. denied, 386 U.S. 997, 87 S.Ct. 1318, 18 L.Ed.2d 346 (1967); Schmidt v. Wingo, 368 F.Supp. 727, 731 (W.D.Ky.1973), aff'd, 499 F.2d 70 (6th Cir. 1974); treatment so obviously improper as to evidence a design to aggravate the prisoner's condition, Thomas v. Pate, 493 F.2d 151, 158 (7th Cir. 1974), vacated on other grounds sub nom., Cannon v. Thomas, 419 U.S. 813, 95 S.Ct. 288, 42 L.Ed.2d 39 (1974); or where there is "obvious neglect or intentional mistreatment," Barnes v. Dorsey, 480 F.2d 1057 (8th Cir. 1973).

■ In addition, because prison officials have wide discretion in the area of medical care, the federal courts will not attempt to second-guess the prison physicians as to the propriety or adequacy of a particular course of medical treatment for a prisoner. Thomas v. Pate, *supra* at 158; Pinon v. Wisconsin, 368 F.Supp. 608, 610 (E.D.Wis.1973); Rhinehart v. Rhay, 314 F.Supp. 81, 84 (W.D.Wash.1970). Hence, even if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention. Bishop v. Cox, 320 F.Supp. 1031 (W.D.Va.1970). And where the claim is based merely on a difference of opinion between the prisoner and the doctor over matters of legitimate medical judgment, the claim fails to raise a constitutional question. Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972); Mayfield v. Caraven, 433 F.2d 873, 874 (9th Cir. 1970); Coppinger v. Townsend, 398 F.2d 392, 394 (10th Cir. 1968); Swain v. Garribrant, 354 F.Supp. 631, 633 (E.D.N.C.1973). Therefore, in determining whether a prisoner has received adequate medical treatment, the federal court is entitled to rely on the physician's affidavit and

prison medical records kept in the ordinary course of operation. Cates v. Ciccone, 422 F.2d 926 (8th Cir. 1970); Ross v. Bounds, 373 F.Supp. 450, 452 (E.D.N.C.1974); Bretz v. Superintendent, 354 F.Supp. 7 (W.D.Va.1973); *see* Blanks v. Cunningham, 409 F.2d 220, 221 (4th Cir. 1969). In short, if it appears from the record that the prison medical authorities have made a sincere and reasonable effort to handle the prisoner's medical problems, the constitutional requirements have been met. *See* Startz v. Cullen, 468 F.2d 560, 561 (2d Cir. 1972).

 In this case plaintiff received dental care in the nature of restoration work and general preventive dental care. Nevertheless, plaintiff contends that it was not adequate. However, the dentist's affidavit and the prison dental records disclose that he has received proper dental care in accordance with standard practice. It is therefore apparent that the dispute involves a mere difference of opinion between the prisoner and the dentist over the adequacy of a particular course of medical treatment. Under such circumstances, no constitutional issue is raised. *See* Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). As the Tenth Circuit stated in Coppinger v. Townsend, 398 F.2d 392, 394 (10th Cir. 1968), a case close to this:

> The allegation that the needed medication has been "cancelled" shows that a difference of opinion exists between the lay wishes of the patient and the professional diagnosis of the doctor. The prisoner's right is to medical care—not to the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983.

In short, plaintiff in this case has received the dental care that is constitutionally due. *See* Roy v. Wainwright, 418 F.2d 231, 232 (5th Cir. 1969). The defendants are entitled to summary judgment.

Accordingly, it is this 26th day of March, 1975, by the United States District Court for the District of Maryland, ordered that the motion of defendants for summary judgment be, and the same hereby is, granted. Summary judgment will be entered separately.

The Clerk shall mail a copy of this Memorandum and Order to plaintiff and to the Attorney General of Maryland.