**Michael J. RILEY, Appellant,**

v.

**B. J. RHAY et al., Appellees.**

No. 22595.

United States Court of Appeals Ninth Circuit.

Feb. 13, 1969.

Michael J. Riley, in pro. per.

John J. O'Connell, Atty. Gen., Olympia, Wash., for appellees.

Before MADDEN,* Judge of the Court of Claims, and BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

Appellant, an inmate of Washington State Penitentiary, brought this action under the Civil Rights Act (42 U.S.C. §§ 1981, 1983, 1985), alleging that he suffered from histoplasmosis (a form of tuberculosis) and that the refusal of appellees, who are prison officials, to treat his condition violated his constitutional rights. The district court dismissed the

* Honorable J. Warren Madden, sitting by designation.

complaint without ordering service of process or holding a hearing. It rested its action upon the ground that the prison physician has "complete professional autonomy" in treating his patients.

 While it is true that prison medical officials have wide discretion in treating prisoners (Snow v. Gladden, 338 F.2d 999, 1001 (9th Cir. 1964), it is also well recognized that the failure or refusal to provide medical care may violate the Fourteenth Amendment. Stiltner v. Rhay, 371 F.2d 420, 421 n. 3 (9th Cir. 1967), and authorities cited. Under this rule, the complaint was not insufficient on its face and should not have been dismissed without issuing process and hearing the parties. Harmon v. Superior Court, 307 F.2d 796, 798 (9th Cir. 1962). The procedural rights of a prisoner in a case such as this are detailed in Armstrong v. Rushing, 352 F.2d 836, 837 (9th Cir. 1965).

Reversed.