**Clifford E. PREWITT, Petitioner,**

v.

**STATE OF ARIZONA ex rel. Frank A. EYMAN, Warden, Arizona State Prison, et al., Respondent.**

**No. Civ. 6818 Phx.**

United States District Court,
D. Arizona.

May 14, 1969.

Clifford E. Prewitt, in pro. per.

Gary K. Nelson, Atty. Gen., State of Arizona, Phoenix, Ariz., for respondent.

## OPINION AND ORDER

COPPLE, District Judge.

The plaintiff in this action, a prisoner at the Arizona State Prison, filed several "petitions for federal injunction" in this Court. The Court treated the petitions as complaints under the Civil Rights Act, 42 U.S.C. § 1983, granted petitioner's motion to proceed in forma pauperis, and secured counsel to assist plaintiff in his cause. Summons was issued, the respondent answered the complaint and, after plaintiff's counsel filed a memorandum, the respondent filed a motion to dismiss.

The plaintiff has set forth three grounds for relief: (1) the prison officials have censored and interfered with his mail; (2) the prison officials have denied him adequate medical treatment; and (3) he has been denied access to the courts by virtue of a prison regulation which prohibits other inmates from assisting him with the preparation of legal documents.

Plaintiff's first contention appears to have been added as an afterthought and is patently frivolous. Mail censorship is a concomitant of incarceration, and so long as the censorship does not interfere with the inmate's access to the courts, it is a universally accepted practice. Petitioner does not specify any interferences, and the Court's file reflects that he corresponds extensively with this Court, with his counsel and with the Tucson division of this Court.

This Court's role in supervising the medical treatment of state prisoners is not well defined. While a failure to provide a prisoner with adequate medical treatment can rise to Fourteenth Amendment proportions, Riley v. Rhay, 407 F.2d 496 (9th Cir. 1969); Stiltner v. Rhay, 371 F.2d 420, 421, n. 3 (9th Cir. 1967), state prison officials are vested with wide discretion in the medical treatment of inmates. Stiltner v. Rhay, *Id.*; Snow v. Gladden, 338 F.2d 999 (9th Cir. 1964); Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963).

Plaintiff alleges that he has a history of heart attacks, having suffered such attacks in 1953 and 1957, alcoholism and mental disorders. Plaintiff and defendant have both submitted exhibits which bear this out. The exhibits also demonstrate, however, that the prison doctors are aware of these conditions and have on several occasions given plaintiff electrocardiograms, have placed him on light duty status, and have provided other medical treatment. The chief medical officer of the prison and a part-time prison physician have submitted affidavits stating that they have consulted with plaintiff periodically since his arrival at the prison and that in their opinion he has received adequate and proper medical treatment while at the prison.

Assuming that failure to provide adequate medical care constitutes a claim for relief under the Civil Rights Act (see Wiltsie v. California Department of Corrections, 406 F.2d 515 (9th Cir. 1968)), plaintiff here has not shown such exceptional circumstances as are required to justify federal intervention.

Matters outside the pladings having been considered, the defendant's motion to dismiss will be treated as a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, and will be granted as to plaintiffs' first two grounds for relief.

Subsequent to the filing of this action, the United States Supreme Court announced its decision in Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed. 2d 718 (1969). In *Johnson* a prison regulation prohibiting one inmate from assisting another with his legal papers was declared unconstitutional. The only difference between the regulation in *Johnson* and the one at the Arizona State Prison is that the regulation here allows such assistance with prior approval of prison officials. However, as no standards have been promulgated to govern the discretion of prison officials, this difference does not save the regulation from the pronouncement of *Johnson.*

Under *Johnson,* fellow-inmate assistance can be prohibited only if the prisoners are provided with some reasonable alternative to assist them in the preparation of their petitions; but, even in absence of an acceptable alternative, the prison officials may impose reasonable regulations and restraints on the giving and receiving of assistance. Counsel for the defendant stated on oral argument that the State of Arizona is presently attempting to comply with *Johnson.* They are entitled to a reasonable time to do so. If the defendant has not, within ninety (90) days of the date hereof, revised the regulations to conform with *Johnson,* the injunction requested will be issued. Accordingly,

It is ordered that defendants' motion for summary judgment is granted in all respects except as to questions involving the prison regulation prohibiting inmates from assisting one another with legal petitions.

It is further ordered that the defendant shall, within ninety (90) days, show cause why enforcement of said regulation should not be enjoined.