**James Boyd MACKEY, Plaintiff-Appellant,**

v.

**Raymond K. PROCUNIER et al., Defendants-Appellees.**

No. 71–3062.

United States Court of Appeals, Ninth Circuit.

April 16, 1973.

Elizabeth Shelley Mercer (argued), Howard Anawalt, National Legal Program on Health Problems of the Poor, Los Angeles, Cal., for plaintiff-appellant.

Marjory Winston Parker, Deputy Atty. Gen. (argued), Sacramento, Cal., for defendants-appellees.

Before MERRILL, WRIGHT, and KILKENNY, Circuit Judges.

MERRILL, Circuit Judge:

Appellant is a state prisoner, serving a term of imprisonment at Folsom State Prison, Represa, California. He has brought this action charging violation of his civil rights by virtue of alleged cruel and unusual treatment received by him at the California Medical Facility at Vacaville in 1967. With his consent, he had been sent to Vacaville for the purpose of undergoing shock treatment. In his complaint, filed in propria persona, he alleges that, without his consent and not as a part of shock treatment to which he had consented, he was administered the drug, succinycholine, which he characterizes as a "breath-stopping and paralyzing 'fright drug.'" As a consequence of what he calls "this 'guinea-pig' treatment" he alleges that he regularly suffers nightmares in which he relives the frightening experience and awakens unable to breathe. He charges the defendants with "deliberate and malicious intentional infliction of mental and emotional distress, causing plaintiff great pain of body and mind, resulting in a severe disturbance."

Defendants moved to dismiss for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). In granting the motion, and in concluding that no claim of violation of civil rights was stated, the District Court treated the allegations of the complaint as claims of malpractice and as asking the court to assess the propriety of a particular course of treatment. It is clear, however, that the claims were intended to go far beyond this.

Prior to hearing on the motion to dismiss plaintiff secured the services of counsel in preparation of memoranda in opposition to the motion. These memoranda cast further light on the nature of plaintiff's claim.

The nature of the drug was discussed. It is recommended as an adjunct to electric-shock therapy and as a relaxant in conjunction with administration of anesthesia. It is not recommended for administration to fully conscious patients, apparently because of its frightening effects. It is asserted in memoranda that the staff at Vacaville is engaged in medical and psychiatric experimentation with "aversive treatment" of criminal offenders, including the use of succinycholine on fully conscious patients.[1] It is emphasized that plaintiff was subjected to experimentation without consent.

Proof of such matters could, in our judgment, raise serious constitutional questions respecting cruel and unusual punishment[2] or impermissible tinkering with the mental processes.[3] In our judgment it was error to dismiss the case without ascertaining, at the least,

the extent to which such charges can be substantiated.

The District Court dismissed the complaint as against defendants Pope and Procunier for the further reason that the complaint did not "specifically allege participation by them in the alleged wrongful conduct. * * *" The complaint did allege that the administering doctor was "acting under and through the authority" of these defendants. From the elaboration of the claims in memoranda, it would appear that plaintiff seeks to establish general participation in a program of experimentation and is not relying solely on principles of respondeat superior as to these defendants.

While the nature of plaintiff's claim in all these respects was not stated with specificity in the complaint drafted by him, the memoranda filed in connection with the motion to dismiss clearly indicate what was meant by reference to the "guinea-pig" treatment and to "deliberate and malicious infliction of mental and emotional distress." Leave to amend the complaint was not sought. However, in response to plaintiff's memoranda, defendants accepted them as "in the nature of an amendment to the complaint" and as "new allegations." There can be no doubt that defendants were on notice as to the nature of plaintiff's claim. Lack of formal articulation in an amended complaint was not protested. If such is felt desirable an amendment could be required.

Reversed and remanded with instructions that the order dismissing the ac-

1. In brief on appeal the contentions with respect to "aversive treatment" are put even more precisely. It is asserted that defendants are engaged, without patient consent, in a course of medical experimentation to ascertain whether, by instilling of fright and infliction of pain, accompanied by psychological suggestion, behavior patterns can be affected. *E. g.*, Brief for Appellant at 9; at 15 n. 5 and accompanying text.

2. *See, e. g.*, Robinson v. California, 370 U. S. 660, 667, 82 S.Ct. 1417, 8 L.Ed.2d 758

(1962). *Cf.* Furman v. Georgia, 408 U.S. 238, 239–240, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); Jackson v. Indiana, 406 U.S. 715, 737, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972).

3. *See, e. g.*, Eisenstadt v. Baird, 405 U.S. 438, 452, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); Stanley v. Georgia, 394 U.S. 557, 564, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1968). *Cf.* Roe v. Wade, 410 U.S. 113, 149–154, 93 S.Ct. 705, 725–727, 35 L.Ed. 2d 147 (1973).

tion be vacated, and for further proceedings.

EUGENE A. WRIGHT, Circuit Judge (dissenting):

Respectfully, I dissent. The record before the district court and before us convinces me that appellant consented to the treatment given him. Malpractice by a physician in a state penal institution does not give rise to a civil rights action. Riley v. Rhay, 407 F.2d 496 (9th Cir. 1969).