QUESTIONS: 1. May the Division of Corrections forcibly treat an inmate patient who has refused medical or surgical treatment deemed necessary to save the inmate's life? 2. May the Division of Corrections render lifesaving medical or surgical treatment to an inmate patient who is unable to give an informed consent for such treatment due to unconsciousness or some other similar type of temporary mental incapacity?
SUMMARY: The Division of Corrections may not forcibly treat an inmate patient who has refused medical treatment deemed necessary to save the inmate's life. If an inmate patient is unable to give informed consent to a medical treatment due to unconsciousness or under similar circumstances and if the medical treatment must be rendered immediately to preserve life or limb, then medical treatment may be rendered by the Division of Corrections. Under these circumstances it is implied that consent exists. AS TO QUESTION 1: Under the authority vested in the Division of Corrections pursuant to s. 945.025, F.S., the jurisdiction of the division includes, among other things, supervisory and protective care, custody, and control of the inmates at the facilities it administers. See also s. 945.04, F.S. There is no statute specifically authorizing the Division of Corrections to furnish medical services. However, considering that a "Medical Center" facility is provided for by statute (ss. 944.062 and 945.025(9), F.S.) and that the Division of Corrections may transfer prisoners to appropriate institutions for specialized medical treatment (s.945.12, F.S.), including childbirth in the case of a woman inmate as well as for care for her child born during a term of imprisonment (s. 944.24, F.S.), of necessity it must be presumed that the division's responsibility to provide protective care and custody to inmates includes the furnishing of reasonable medical services incident to such care and custody. See Schack v. State of Florida 391 F.2d 593, 594 (5th Cir. 1968) (deprivation of dental service may justify court intervention). Cf. Ramsey v. Coccone310 F. Supp. 600, 604-605 (U.S.D.C. Mo., 1970) (duty to provide medical care indicated by the existence of a penal medical center). The Legislature by express statutory provision has provided that prisoners may be subjected to compulsory medical treatment for venereal disease. Sections 384.07 and 384.08, F.S. The authority to provide compulsory treatment is given to the Division of Health, however, and not to the Division of Corrections. There are no other statutory provisions, to my knowledge, expressly authorizing any state agency to render compulsory medical treatment to prisoners. Although a prisoner in the custody of the Division of Corrections is deprived of liberty, generally speaking, such prisoner retains all other rights of ordinary citizens except those expressly or by necessary implication taken from him by law. Coffin v. Richard, 143 F.2d 443
(6th Cir. 1944). See Blitch v. Buchanan, 132 So. 474 (Fla. 1931). An ordinary citizen may not be forcibly given medical treatment without his or her express or implied consent. Chambers v. Nottebaum, 96 So.2d 716, 718 (3 D.C.A. Fla., 1957); Winters v. Miller, 446 F.2d 65, 68 (2d Cir. 1971); 61 Am. Jur.2d Physicians, Surgeons, Etc. s. 155. In the absence of express statutory authority, it is my opinion that prisoners are governed by the same rule and may not be forcibly treated without consent, even though such treatment is necessary to save the prisoner's life. Indeed, it has been ruled in another jurisdiction that a prisoner has a constitutional right to be secure in the privacy of his or her own body against a forcible invasion by the state, unless a compelling state interest exists. Runnels v. Rosendale,499 F.2d 733 (9th Cir. 1974); Mackey v. Procunier, 477 F.2d 877 (9th Cir. 1973). Your first question is therefore answered in the negative. AS TO QUESTION 2: As discussed above, under normal circumstances a physician may not render medical services without the patient's consent. If, however, a patient is unconscious or otherwise unable to give express consent to medical treatment and medical treatment must be rendered immediately to preserve life or limb, then medical treatment may be rendered. Under such emergency circumstances, it is implied that the patient consents to lifesaving medical treatment, absent prior express instructions by the patient to the contrary. Chambers v. Nottebaum, supra.