Kenneth SOUDER et al., Plaintiffs,

v.

Michael McGUIRE, M.D., et al., Defendants.

Civ. No. 74-590.

United States District Court, M. D. Pennsylvania.

Dec. 9, 1976.

David L. Ferleger, Mental Patient Civil Liberties Project, Public Interest Law Center of Philadelphia, Philadelphia, Pa., for plaintiffs.

Allen C. Warshaw, Deputy Atty. Gen., Robert P. Kane, Atty. Gen., Pennsylvania Dept. of Justice, Harrisburg, Pa., for defendants.

MEMORANDUM

HERMAN, District Judge.

Kenneth Souder, a former inmate at Farview State Hospital for the criminally insane, brings this action under the Civil Rights Acts[1] alleging that he and other inmates have been forcibly treated with

---

1. The amended complaint includes claims under 42 U.S.C. §§ 1985, 1986, the Fourth and Fourteenth Amendments. Plaintiff, however, no longer asserts these claims, and now relies solely on 42 U.S.C. §§ 1983, 1988, the First, Eighth and Ninth Amendments.

psychotropic drugs in violation of their constitutional rights. Plaintiff sues individually for damages and for injunctive relief on behalf of himself and all other inmates at Farview who have been subjected to unconsented medication.

■ Defendants have moved to dismiss the action for failure to state a claim cognizable under the Civil Rights Acts. This motion will be denied for the reason that we believe that involuntary administration of drugs which have a painful or frightening effect can amount to cruel and unusual punishment, in violation of the Eighth Amendment. See *Knecht v. Gillman*, 488 F.2d 1136 (8th Cir. 1973); *Mackey v. Procunier*, 477 F.2d 877 (9th Cir. 1973). It has also been suggested that such medication amounts to an unwarranted governmental intrusion into the patient's thought processes in violation of his constitutional right to privacy. *Scott v. Plante*, 532 F.2d 939 (3d Cir. 1976); *Mackey v. Procunier, supra*. Whether defendants' actions have actually been such as to amount to a constitutional deprivation can of course not be determined at this stage of the proceedings; but plaintiff has clearly alleged sufficient facts to maintain an action under 42 U.S.C. § 1983.

■ Defendants further aver that, even if plaintiff has alleged a violation of his constitutional rights, he may not maintain an action for damages against defendants McGuire and Watson, whose roles at Farview were purely supervisory.[2] It is true, as defendants claim, that the doctrine of *respondeat superior* has no application in an action for damages under § 1983. No liability may be imposed upon defendants McGuire and Watson unless it is shown that they were personally involved in the alleged wrongful acts. However, it is not necessary to show that they were present when the violations occurred. It is sufficient to show that they directed their subordinates to commit improper acts, or had actual knowledge that such acts were being committed and acquiesced in them. *Fialkowski v. Shapp*, 405 F.Supp. 946 (E.D.Pa.1975); *Downs v. Dept. of Public Welfare*, 368 F.Supp. 454 (E.D.Pa.1973). Both McGuire and Watson were in charge of the Farview State Hospital at some time while plaintiff was confined there, and have allegedly participated in unconstitutional acts. Plaintiff must be given an opportunity to prove that this participation was of a degree sufficient to justify the award of damages.[3]

■ Defendants have moved to dismiss the request for injunctive relief as moot, since plaintiff is no longer confined at Farview. See *Indiana Employment Division v. Burney*, 409 U.S. 540, 93 S.Ct. 883, 35 L.Ed.2d 62 (1973). We feel, however, that Souder has a live controversy with the staff at Farview despite the fact that he is not confined there at present. Souder has been transferred from Farview in the past, only to be involuntarily recommitted.[4] So long as he remains within the state corrections system, subject to close scrutiny, there is a distinct possibility that he will again be

---

**2.** Dr. McGuire served as Superintendent of the Institution until December 1974, and was succeeded by Mr. Watson who has been Superintendent since that time.

Defendants' brief in support of motion to dismiss speaks of an action for damages against Secretary Beal. The complaint, however, only demands damages against McGuire, Watson, Horan, Raddin, Willis and Lupcho.

**3.** To recover damages, plaintiff must not only prove that defendants have participated in unconstitutional acts, but must also show either that defendants knew their actions would cause a deprivation of plaintiff's constitutional

rights, or that they acted maliciously with an intent to cause injury. *O'Connor v. Donaldson*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975).

**4.** The statute under which Souder was originally committed has been declared unconstitutional. *Souder v. Watson*, 413 F.Supp. 711 (M.D.Pa.1976). It has subsequently been repealed by the Mental Health Procedures Act, July 9, 1976, No. 143. While the newer statute sets forth stricter procedures which must be followed before Souder can be recommitted, it certainly does not preclude his being returned to Farview.

found to be in need of treatment and returned to Farview, where he would again be subject to involuntary drug treatments. So long as this possibility exists Souder retains a sufficient interest in the outcome of the action.

In addition to his constitutional claims, plaintiff asks the court to exercise pendent jurisdiction over state claims for assault and battery and medical malpractice. Since the state claims arise from the same set of operative facts as plaintiff's substantial constitutional claims, it is within the power of the court to exercise pendent jurisdiction. *United Mineworkers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, it is also within the court's discretion to decline to entertain the state claims where to do so would create undue confusion. *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

The assault and battery claim can be heard with no appreciable increase in the complexity of the case, as it is based upon the same legal theory as the constitutional claim—that any medical treatment without the informed consent of the patient is an actionable wrong. The malpractice claim, however, would proceed on the somewhat different theory that the treatment administered by defendants failed to meet normal standards of care and competence. This would require extensive expert testimony of an entirely different nature than that needed to adjudicate the constitutional issues. For this reason we will exercise pendent jurisdiction over the assault and battery claim but will decline to do so on the malpractice claim.

Defendants' motion to dismiss will be granted as to the malpractice claim and denied as to all other claims.

An appropriate order will be entered.