MANAGEMENT INVESTORS, a Tennessee Partnership, and Norman Reid, f/d/b/a Lewis Coal Company, and James Brummitt, f/d/b/a Southern Belle Trucking Company

v.

### UNITED MINE WORKERS OF AMERICA.

Civ. No. 3–78–17.

United States District Court, E. D. Tennessee, N. D.

July 26, 1978.

Terry M. Brooks, Nashville, Tenn., Charles A. Edwards, Atlanta, Ga., for plaintiffs.

E. H. Rayson, Knoxville, Tenn., for defendant.

### MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This action is brought by the plaintiffs [1] under § 303 of the Labor Management Relations Act of 1947 ("the Act"), 29 U.S.C. § 187, for damages allegedly caused by the defendant's illegal secondary boycott. Plaintiffs also seek to join claims arising solely under state law to their federal claim. For reasons which appear below, the Court

1. Plaintiff, James Brummitt, f/d/b/a Southern Belle Trucking Company, was previously dismissed in this action by order dated July 20, 1978.

declines to exercise its pendent jurisdiction in this case.

■ Questions of pendent jurisdiction raise two issues. First, does the Court have power to adjudicate the state claims? Second, if such power exists, is the case one in which considerations of judicial economy, convenience and fairness to the parties justify exercise of the Court's discretion to hear the pendent claims? *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). A district court has "considerable discretion" in deciding whether to hear pendent claims. *Nottelson v. A. O. Smith Corp.,* 423 F.Supp. 1345 (E.D.Wis.1976).

■ The Court notes that a serious question exists whether the Court has the power to hear the state claims in this case. In order for state claims to be considered pendent, the federal claim must have apparent substance and the state and federal claims must arise from a common nucleus of operative fact. *Kayser-Roth Corp. v. Textile Workers Union of America,* 479 F.2d 524, 526 (6th Cir. 1973), *cert. denied,* 414 U.S. 976, 94 S.Ct. 292, 38 L.Ed.2d 219. In the case sub judice, the evidence relating to the alleged secondary activity must be substantially confined to acts, whether violent or not, which occurred away from the site of primary picketing. *See National Labor Relations Board v. International Rice Milling Co., Inc.,* 341 U.S. 665, 71 S.Ct. 961, 95 L.Ed. 1277 (1951); *Riverside Coal Co. v. United Mine Workers of America,* 410 F.2d 267, 272–73 (6th Cir. 1969), *cert. denied* 396 U.S. 846, 90 S.Ct. 89, 24 L.Ed.2d 95. Plaintiffs' proposed findings of fact indicate that plaintiffs seek recovery under the state claims primarily upon allegedly violent actions taken by the union not against the object of the secondary boycott but rather against the plaintiffs, both on and off the site of primary picketing.

■ In the light of the decision to refrain from hearing the state claim as an exercise of discretion, the Court does not decide whether the state claims are in fact pendent. Several factors suggest that these state matters not be joined with the federal claim. One of the state claims involves the application of Tenn.Code Ann. § 47-15-113 to primary and secondary labor disputes. In the Court's view this claim presents a "novel and important issue" of state law, which should not be decided by this Court in the exercise of its pendent jurisdiction. *See Country-Wide Insurance Co. v. Harnett,* 426 F.Supp. 1030, 1034–35 (S.D.N.Y.1977), *affirmed* 431 U.S. 934, 97 S.Ct. 2644, 53 L.Ed.2d 252. Furthermore, as explained above, the proof presented in this case would be vastly altered if the state claims were heard with the federal claim. Not only do the federal and state claims depend upon proof of different actions by the defendant, but the state claims present difficult questions of motivation and of calculation of damages not present in the federal claim. *Cf. Souder v. McGuire,* 423 F.Supp. 830, 833 (M.D.Pa.1976). Finally, after considering the case as a whole, including the proposed findings and conclusions, as well as the rest of the pleadings, the Court is confident that the state claims raised here substantially predominate, both in terms of proof and in terms of the damages sought. *See United Mine Workers v. Gibbs, supra,* 383 U.S. at 726–27, 86 S.Ct. 1130. The Court is aware that state law issues are often joined to federal claims arising under Section 303 of the Act. However, state claims in federal labor cases usually consist of well settled state law and often rely upon proof of substantially the same acts that are at issue under the federal claim. *See e. g., Price v. United Mine Workers of America,* 336 F.2d 771 (6th Cir. 1964) *cert. denied,* 380 U.S. 913, 85 S.Ct. 899, 13 L.Ed.2d 799 (1965). The novel state claim raised here, as well as the tenuous connection between the state and federal claims, renders this case particularly inappropriate for exercise of the Court's pendent jurisdiction.

For the foregoing reasons, it is ORDERED that plaintiffs' causes of action arising under the laws of the State of Tennessee be, and the same hereby are, dismissed without prejudice.

Order Accordingly.