**David ZAIRE, Plaintiff,**

v.

**Stephen DALSHEIM, Superintendent, Downstate Correctional Facility, Defendant.**

**No. 86 Civ. 3114 (JES).**

United States District Court, S.D. New York.

Oct. 25, 1988.

David Zaire, Stormville, N.Y., plaintiff pro se.

Robert Abrams, Atty. Gen. of State of N.Y., New York City, for defendant; Randolph Volkell, Asst. Atty. Gen., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

David Zaire, prisoner *pro se*, brings this action pursuant to 42 U.S.C. § 1983 (1982). Plaintiff alleges that the forcible administration of a diphtheria-tetanus inoculation constitutes a violation of his Eighth and Fourteenth Amendment rights and a violation of his constitutional right of privacy. Defendant Stephen Dalsheim, Superintendent of the Downstate Correctional Facility ("DCF") has moved for summary judgment pursuant to Fed.R.Civ.P. 56(c) on the following grounds: failure to state a claim upon which relief can be granted; sovereign immunity under the Eleventh Amendment; the doctrine of qualified immunity; and failure to sufficiently allege causation. In his affidavit opposing defendants' motion for summary judgment plaintiff has filed a cross motion for summary judgment.[1] For the reasons set forth below, defendant's motion for summary judgment is granted. Plaintiff's cross motion for summary judgment is denied.

### FACTS

The following facts are undisputed.

On April 11, 1983, plaintiff, along with all other prisoners in his cell block, was given a diphtheria-tetanus injection as part of the routine processing of prisoners entering the state prison population. *See* Complaint at ¶ IV; Affidavit of Volkell at ¶ 4 and Ex. A. Plaintiff was not given a right to refuse the injection and was threatened with solitary confinement for refusing the injection. *Id.* Plaintiff avers and defendant does not dispute that plaintiff was not informed of the nature of the injection.

### DISCUSSION

Plaintiff alleges that the forcible inoculation constitutes cruel and unusual punish-

---

**1.** Plaintiff has also moved to amend his complaint under Fed.R.Civ.P. 15(a) to add as a defendant the individual who actually forced him to undergo the injection, although plaintiff does not know that individual's name. A responsive pleading has been served, thus, plaintiff may not amend as a matter of right. Because summary judgment is granted, *inter alia,* for failure to state a claim upon which relief can be granted, plaintiff's motion is denied. Under Rule 15, justice would not be served by granting plaintiff leave to amend in this case. There is no set of facts upon which plaintiff could state a claim against that individual.

ment in violation of the Eighth and Fourteenth Amendments and a violation of his constitutional right of privacy. In addition, plaintiff alleges that as a result of receiving the injection he has suffered "severe and extreme physical, mental, and emotional stress; predicated by the haunting conciousness (sic) of a foreign and unidentified substance [in] his bloodstream." *See* Complaint at ¶ IV–A. As compensation for his distress plaintiff seeks $25 million in compensatory damages in addition to $25 million in punitive damages.

Defendant first argues that the Eleventh Amendment acts as a jurisdictional bar in the instant case. Although defendant in this case is sued as the Superintendent of the DCF, and the State of New York has not been made a party, the jurisdictional bar of the Eleventh Amendment also operates when " 'the state is the real substantial party in interest.' " *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), *quoting Ford Motor Co. v. Department of Treasury of Indiana*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945).

Whether the suit is against the individual personally or against the state depends largely upon the nature of the relief sought. *Dwyer v. Regan*, 777 F.2d 825, 836 (2d Cir.1985) *modified, reh'g denied*, 793 F.2d 457 (1986). The determinative question in this regard is whether satisfaction of the claim requires payment from the state treasury. *Fay v. South Colonie Cent. School Dist.*, 802 F.2d 21, 27 (2d Cir.1986); *Dwyer, supra*, 777 F.2d at 836. Typically, claims that require payments from the state treasury arise out of some previous state obligation, *e.g.*, the payment of welfare benefits, *see Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), or back pay owed to a state employee, *see Dwyer*, 777 F.2d at 836–37. ■ Where, as here, however, the damages claimed have been caused by an indi-

vidual's alleged violation of another's constitutional rights, the claim is personal in nature. *Id.* at 836. Were plaintiff to succeed on the merits, he would have no right to recover against the state, but only against the superintendent personally. Because relief in this case would not come from the state treasury the Eleventh Amendment is no bar to plaintiff's suit.[2]

Defendant also argues that plaintiff's allegations do not state a claim upon which relief may be granted. The Second Circuit has held that "a prisoner's complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Maggette v. Dalsheim*, 709 F.2d 800, 803 (2d Cir.1983). Here defendant alleges violations of his Eighth Amendment rights and his constitutional right to privacy. None of the relevant facts are disputed.

■ In order to make out a § 1983 claim for a violation of a prisoner's Eighth Amendment rights, the relevant action must rise to the level of "an unnecessary and wanton infliction of pain" or be "repugnant to the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 105–06, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). At a minimum, there must be " 'at least some allegation of a conscious or callous indifference to a prisoner's rights' ". *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983), *quoting Wright v. El Paso County Jail*, 642 F.2d 134, 136 (5th Cir.1981). In the present case, taking plaintiff's allegations as true, exactly the opposite attitude on the part of the prison authorities is evident. The diphtheria-tetanus inoculation was administered solely to protect plaintiff and the other inmates from harm. While the method of administering the drug may have been arguably rude and unpleasant, this Court cannot say that the method, rather than the act of

---

**2.** Plaintiff fails to allege a state custom or policy which would make out a claim against the state itself. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). If, of course, plaintiff had made such an allegation his claims would be barred by the doctrine of sovereign immunity.

inoculation itself, rises to the level of callous indifference to plaintiff's rights required to make out a claim under § 1983.[3]

■ Plaintiff also alleges that the forcible administration of the injection violated his right of privacy. However, while the Supreme Court has recognized a few discrete constitutionally protected spheres of privacy such as: rights dealing with child rearing and education, *Pierce v. Society of Sisters*, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925) and *Meyer v. Nebraska*, 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923); rights dealing with family relationships, *Skinner v. Oklahoma ex rel. Williamson*, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed.2d 1655 (1942); rights dealing with marriage and contraception, *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) and *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); and the right to obtain an abortion, *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), as the Supreme Court said in *Bowers v. Hardwick*, 478 U.S. 186, 106 S.Ct. 2841, 92 L.Ed.2d 140 (1986), it is "evident that none of the rights announced in those cases bears any resemblance" to the right claimed by plaintiff in this case. *Id.* at 190, 106 S.Ct. at 2843.

Moreover, the Supreme Court has made it clear that the creation of fundamental rights not well grounded in either the Bill of Rights, "implicit in the concept of ordered liberty", or "deeply rooted in this Nation's history and tradition", is not a legitimate judicial function. *Id.* at 191–92, 106 S.Ct. at 2844. In this case, this Court cannot find the right that plaintiff claims to be based in any of the areas outlined above. Thus, the Court is constrained to reject plaintiff's claim that his right of privacy has been violated.

■ Moreover, even assuming that plaintiff's privacy rights were violated, plaintiff fails to make out a cause of action where,

as here, there is a compelling state interest in taking the action which gives rise to the violation. *See Roe v. Wade, supra*, 410 U.S. at 155, 93 S.Ct. at 728. Here the state asserts the compelling reason of preventing the spread of deadly diseases among a closely quartered prison population. There is simply no other way to effectively accomplish this compelling goal than through mandatory inoculations. For this reason and the foregoing reasons, plaintiff fails to state a claim upon which relief can be granted.

■ Defendant also argues that even assuming plaintiff could state a claim, defendant cannot be found personally liable because he is shielded by the doctrine of qualified immunity. This argument is persuasive. The defense of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

The question of whether the constitutional rights plaintiff relies upon were so well established that a reasonable person should have known of them at the time of the alleged violation is a question of law for the court. *See Stein v. Board of City of New York*, 792 F.2d 13, 17–18 (2d Cir.), *cert. denied*, 479 U.S. 984, 107 S.Ct. 572, 93 L.Ed.2d 576 (1986).

In the instant case, plaintiff is asking the Court to expand traditional notions of the right of privacy and the protections of the Eighth Amendment far beyond anything heretofore recognized. If this Court cannot now discern any basis for a violation of plaintiff's constitutional rights, it follows that a reasonable person could not have perceived them to exist at the time of the alleged violation. Therefore, the doctrine

---

**3.** This is not a case where a drug was administered to an unconsenting prisoner for purposes of psychotherapy, *see Scott v. Plante*, 532 F.2d 939 (3d Cir.1976), or as a punishment, *see Knecht v. Gillman*, 488 F.2d 1136 (8th Cir.1973), or as part of a shock treatment, *see Mackey v.*

*Procunier*, 477 F.2d 877 (9th Cir.1973); cases which fairly raise the issue of cruel and unusual punishment. Here, the drug had no side effects and was administered to all inmates entering the prison. Its purpose was to protect, not to punish or treat.

of qualified immunity bars plaintiff's claims.[4]

## CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted. Moreover, plaintiff has failed to allege that defendant participated in the alleged violation. Even if such allegations had been made, plaintiff's claim against defendant is barred by the doctrine of qualified immunity. For all of the above reasons the Court grants summary judgment for the defendant, and denies plaintiff's cross motion for summary judgment. In addition, plaintiff is denied leave to amend to add an additional defendant. Plaintiff's complaint is ordered dismissed and the clerk is directed to close the above-captioned action.

It is SO ORDERED.

---

**4.** Defendant superintendent has also moved for summary judgment on the ground that plaintiff has failed to allege personal involvement by the defendant in the act which caused the harm. Plaintiff has alleged that defendant created the policy of giving the injections. *See* Plaintiff's Memorandum of Law at Point II. This is one way of alleging personal involvement. *See Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986). It is unclear, however, whether plaintiff has sufficiently alleged that the defendant created a policy which gives rise to the specific acts of which plaintiff complains, *e.g.,* failure to inform him of the nature of the injection and the threat of solitary confinement. Because plaintiff's complaint is dismissed on other grounds resolution of the issue of defendant's personal involvement is not necessary at this time.