**Philip Douglas SHIELDS, Appellant,**

v.

**Dr. E. P. KUNKEL et al., Appellees.**

No. 24215.

United States Court of Appeals, Ninth Circuit.

May 10, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

** See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

**410**

Philip D. Shields, in pro. per.

Evelle J. Younger, Atty. Gen. of Cal., Derald E. Granberg, Don Jacobson, Deputy Attys. Gen., San Francisco, Cal., for appellees.

Before KOELSCH, CARTER, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant, Philip Shields, brought an action under 42 U.S.C. § 1983 (1964) for alleged medical mistreatment by a prison doctor. The district court granted the defendant physician's motion for summary judgment, and Shields appeals.

Appellant, an inmate of a California state prison, alleged that he had injured his back in 1964 during a prison softball game. Some months later, the pain became severe enough to prompt him to seek treatment at the prison hospital. There the defendant prescribed medicine for appellant without examination. Repeated visits led to repeated prescriptions until August of 1966, when appellant was given an examination, including x-rays. Following that examination, the defendant concluded that no new treatment for appellant's injury was necessary and that appellant was "probably a malingerer." Appellant brought suit claiming medical mistreatment in violation of the Fourteenth Amendment.

Failure or refusal to provide medical care may violate the Fourteenth Amendment, but mistreatment does so only under exceptional circumstances that approach failure to provide care at all. Simple malpractice does not give rise to an action under section 1983. (Stiltner v. Rhay (9th Cir.) 371 F.2d 420, cert. denied (1967) 386 U.S. 997, 87 S.Ct. 1318, 18 L.Ed.2d 346.) The record in this case shows only a difference of opinion as to diagnosis and treatment, not a refusal to provide treatment. The defendant's views may be wrong and might give rise to a malpractice claim under state law, but they cannot be said to be so outrageous as to amount to no treatment at all. A difference of opinion between patient and physician, without more, does not state a claim under section 1983. (Coppinger v. Townsend (10th Cir. 1968) 398 F.2d 392.)