892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert BETTERTON, Plaintiff-Appellant,
v.
Dimitri CATSAROS, M.D., et al., Defendants-Appellees.
 No. 89-15299.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Betterton, an Arizona state prisoner appeals pro se the grant of summary judgment for the defendants of his 42 U.S.C. § 1983 civil rights action. Betterton contends a prison's physician and physician's assistant violated the eighth amendment prohibition against cruel and unusual punishment by denying him adequate medical treatment for his back and heart ailments.[1] Specifically, Betterton contends that the medical staff repeatedly misdiagnosed and refused to treat his heart condition, refused to treat his back and, in several instances, prescribed improper medication. We affirm.
 
 
 3
 A motion for summary judgment should be affirmed only if the evidence, read in a light most favorable to the nonmoving party, demonstrates that there is no dispute as to material facts and the moving party is entitled to judgment as a matter of law. Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988). There is no genuine issue of fact if the party opposing the motion "fails to make an adequate showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 4
 * Betterton's Heart Condition
 
 
 5
 Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hunt, 865 F.2d at 200. "Such indifference can be manifested two ways. It may appear when prison officials deny, delay, or intentionally interfere with medical treatment or it may be shown by the way in which prison officials provide medical care." Hutchinson v. United States, 838 F.2d at 394.
 
 
 6
 Betterton contends that he was subjected to cruel and unusual punishment because the prison medical staff misdiagnosed his heart condition and for five months refused to run the appropriate tests to discover that Betterton needed a heart catheterization. However, Betterton does not deny that he received treatment, only that the treatment was inadequate. To rebut Betterton's allegations the prison medical staff submitted affidavits outlining the techniques used in diagnosing the Betterton's heart condition. These techniques included x-rays, an EKG and a battery of tests conducted over the course of twenty visits. Ultimately, Betterton was referred to a cardiologist. Betterton now disputes the dates on which tests were given but his claim fails because he does not produce facts which would contradict the affidavits of the medical staff. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982). At best, Betterton's allegations amount to no more than a difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment. Accordingly, Betterton's allegations that he was misdiagnosed are insufficient to state a claim under section 1983. See Shields v. Kunkel, 442 F.2d 409, 410 (9th Cir.1971).
 
 
 7
 Betterton further contends that once the medical staff properly diagnosed his condition, they refused to perform the catheterization for more than a year. Here, Betterton produced evidence tendering a question of fact whether the delay in receiving a catheterization was caused by the prison medical staff. This, however, is not a genuine issue of material fact because Betterton provided no evidence to establish that the delay caused him harm to establish deliberate indifference to his medical needs. See Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.1989).
 
 II
 Treatment for Betterton's Back and Leg
 
 8
 Betterton contends that the prison medical staff was deliberately indifferent to his medical needs by failing to properly diagnose and treat his back and leg and by prescribing improper medication. Betterton does not deny being given x-rays, medication, and being referred to an orthopedic surgeon. Neither did Betterton submit evidence to counter the medical staff's testimony that the procedures used were proper under the circumstances. Betterton's allegations are therefore insufficient to establish section 1983 liability. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981); Shields v. Kunkel, 442 F.2d at 410.
 
 
 9
 Similarly, Betterton's contention that he was subjected to cruel and unusual punishment because he did not receive proper medication on several instances in July and August of 1987 is meritless. The uncontroverted testimony establishes that Betterton's medication was provided in the proper dosages when the problems were brought to the attention to the defendants. Isolated occurrences of neglect do not amount to deliberate indifference. Wood v. Sunn, 865 F.2d 982, 989 (9th Cir.1988). Accordingly, the district court did not err in granting summary judgment.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is no appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 Betterton does not appeal the district court's summary dismissal of the claims filed against Governor Evan Mecham; Acting Governor Rose Mofford; Samuel Lewis, Director of the Arizona Department of Corrections; Pat Goodwin, Facility Health Administrator; Maria Mahaffey, Registered Nurse; and Juanita Richards, Registered Nurse