892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vincent Sharnee JOHNSON, Plaintiff-Appellant,
v.
ALAMEDA COUNTY SHERIFF'S DEPARTMENT; Glenn Dyer, Sheriff,
Defendants-Appellees.
 No. 88-2790.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1989.*
Decided Dec. 13, 1989.
 
 Before POOLE, NELSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Vincent Johnson, an incarcerated pro se, brought this 42 U.S.C. § 1983 civil rights action against the Alameda County Sheriff Glen Dyer and the Alameda County Sheriff's Department. Johnson argued that the sheriff's department's policy of not providing complete root canal treatment to county jail inmates violated the eighth amendment's prohibition against cruel and unusual punishments. Johnson also argued that the county's failure to provide a complete root canal treatment on his infected tooth violated the eighth amendment's prohibition against cruel and unusual punishments. Johnson filed a motion for summary judgment and the county filed a cross-motion for summary judgment. The court denied Johnson's motion and granted the county's motion. The district court ruled that both the dental care provided to Johnson and the county's policies regarding inmate dental care exceeded the minimum requirements imposed by the eighth amendment. Johnson also requested the court's appointment of counsel and the court denied this request. Johnson appealed the district court decisions.. The district court had jurisdiction pursuant to 28 U.S.C. § 1343. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the decision of the district court.
 
 STANDARD OF REVIEW
 
 3
 On appeal, we review de novo a district court's decision to grant summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). We review for an abuse of discretion a district court's decision to deny appointment of counsel pursuant to 28 U.S.C. § 1915. McElyea v. Babbitt, 833 F.2d 196, 199-200 (9th Cir.1987).
 
 BACKGROUND
 
 4
 In October of 1984, Johnson was incarcerated in Alameda County's Santa Rita facility while he awaited sentencing on a robbery conviction. Johnson complained of tooth pain and saw the jail dentist, David Knowlton, D.D.S. on October 25, 1984. Dr. Knowlton removed a temporary filling from Johnson's tooth, treated a fistula (a minor localized infection), and inserted a new temporary filling.
 
 
 5
 On November 28, 1984, Johnson was transferred to the North County Jail, another Alameda County facility. There, on January 18, 1984, Pamela Arbuckle, D.D.S. examined and x-rayed Johnson's tooth. She told Johnson that performing a complete root canal treatment would not make sense because the tooth did not appear to be salvageable. Therefore, Dr. Arbuckle performed a partial root canal treatment. She irrigated and partially filled the canals, placed another temporary filling in the tooth, and prescribed penicillin. On January 29, 1985, Johnson complained that the temporary filling was falling out. On February 4, 1985 and again on March 1, 1985, Dr. Arbuckle replaced the filling.
 
 
 6
 On March 22, 1985, Johnson returned to the Santa Rita facility. There, on March 28, 1985, Dr. Knowlton again examined Johnson's tooth. Dr. Knowlton told Johnson that the tooth was not salvageable, that root canal therapy would not be beneficial, and that the tooth should be extracted. Johnson refused to have the extraction. On April 6, 1985, Johnson filed a grievance with the Santa Rita authorities. Johnson argued that he had been denied adequate dental care and he insisted that the authorities allow him to leave the Santa Rita facility and to go to Highland Hospital to obtain a complete root canal treatment. On April 9, 1985, Dr. Knowlton re-examined Johnson's tooth and restated that, in his professional opinion, Johnson should have the tooth extracted rather than undergo a complete root canal treatment. On April 30, 1989, Dr. Knowlton again examined Johnson's tooth and reiterated the same recommendation. On May 2, 1985, Johnson met with Howard Wax, M.D., Medical Director of the Santa Rita Jail, concerning Johnson's medical problems. Dr. Wax advised Johnson that the prison's medical program would not provide a complete root canal treatment because the treatment was not recommended by Dr. Knowlton and the other dentists. However, Dr. Wax told Johnson that Johnson could pursue the treatment at an outside facility at Johnson's own expense. Johnson declined to pursue this option.
 
 
 7
 On July 3, 1985, Johnson was transferred to the California Medical Facility--Main at Vacaville where he is serving a 7-9 year sentence for robbery. Johnson sought to have a complete root canal treatment at this facility also. Three staff dentists stated that such root canal treatment was not appropriate because Johnson's tooth was not salvageable. Johnson successfully appealed that decision to the reviewing authority and underwent complete root canal treatment on March 13, 1987.
 
 DISCUSSION
 
 8
 The issue is whether prison officials' refusal to provide an incarcerated person with a complete root canal treatment, in the absence of supporting medical recommendation, constitutes a violation of the eighth amendment's prohibition against cruel and unusual punishments. In order to prevail on a claim of "cruel and unusual punishment" based on allegedly inadequate medical care, a plaintiff must establish "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (9th Cir.1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.1980). A showing of merely inadvertent or even negligent medical care is not enough. Estelle v. Gamble, 429 U.S. at 105. See also Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir.1971).
 
 
 9
 In Shields, the court held that a record showing only a difference of opinion as to diagnosis and treatment in medical care given to a prison inmate, and not a refusal of treatment, did not state a claim under 42 U.S.C. § 1983. Johnson's dispute with the Alameda County Sheriff's Department over the dental care that he received from the jail dentists was only a dispute over the type of treatment offered to him. Johnson wanted a complete root canal treatment and the dentists recommended extraction. The record clearly shows that Johnson received prompt and frequent dental care for his infected tooth. Johnson's only complaint was that he disagreed with the treatment that the dentists recommended.
 
 
 10
 Johnson also argued that the Alameda County Sheriff's Department's policy of not providing complete root canal treatment to inmates violates the eighth amendment's prohibition against cruel and unusual punishments. The level of medical care constitutionally required in state prisons was stated in Hoplowit v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982). In Hoptowit, the court stated that 1) prisoners must be allowed to request medical care; 2) prisoners must have access to competent medical personnel; 3) prisoners must have adequate emergency care. The actions of the Alameda County Jails met all of the requirements of this test. In this case, the record shows that Johnson requested dental care, that he had access to and was treated by competent dentists, and that he had no medical emergency that went untreated. Therefore, the policy of the Alameda County Jails did not violate the eighth amendment's prohibition against cruel and unusual punishments.
 
 
 11
 We now look to Johnson's claim that the district court abused its discretion in refusing his request for the appointment of counsel. A district court has discretion to appoint counsel to represent an indigent civil litigant pursuant to 28 U.S.C. 1915(d). However, counsel is appointed only when a case presents "exceptional circumstances." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims ... in the light of the complexity of the legal issues involved." Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)). Johnson presented no exceptional circumstances. The case does not have complex factual or legal issues or a special need to cross examine witnesses. Additionally, Johnson did not show that there was a high probability of success on the merits. Therefore, the district court did not abuse its discretion in denying to Johnson the appointment of counsel.
 
 CONCLUSION
 
 12
 We affirm the decision of the district court.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3