980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marvin Lee EFFINGER, Plaintiff-Appellant,
v.
Robert L. WRIGHT, et al., Defendants-Appellees.
 No. 91-35822.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided Nov. 24, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Marvin Lee Effinger appeals the district court's grant of summary judgment in favor of appellees, Dr. Diehl and Ms. Bronson. We affirm.
 
 I.
 
 3
 Appellant brought suit in the district court pursuant to 42 U.S.C. § 1983, alleging he was subjected to "cruel and unusual punishment" by health care personnel at the Eastern Oregon Correctional Institution (EOCI). He sought recovery of monetary damages to redress this asserted violation of his Eighth and Fourteenth Amendment rights.
 
 
 4
 Appellant suffers from rheumatoid arthritis. This condition has caused him both physical pain and ambulatory difficulty throughout the time period here relevant. While confined at EOCI, appellant sought treatment for this condition, which treatment he claims was executed with "deliberate indifference" to his medical condition.
 
 
 5
 Specifically, appellant complains that in order to obtain the medication prescribed for him by Dr. Diehl, he had to walk to the "med line" some distance from his housing unit, and negotiate several flights of stairs. This commute was attended with "pain and difficulty" which appellant asserts was unnecessary, since the EOCI staff could have delivered the medication to him in his housing unit. Appellant claims that appellees knew the walk would cause appellant pain and trouble, but took no action to relieve him of this required activity or of the routine physical activities required of appellant while in the general prison population.
 
 
 6
 Dr. Diehl responded that he believed the activity would be therapeutic for appellant, reducing stiffness and swelling in his affected joints, and helping maintain muscle tone. The affidavit of Dr. Fraback, relied upon by appellant, agrees that exercise and limited activity are important in the therapy of arthritis, but concludes that stair climbing would be contraindicated for a patient with an arthritic condition in the knee.
 
 
 7
 The district court concluded that the medical care received of Dr. Diehl by appellant was objectively adequate and that Dr. Diehl believed his course of treatment to be in appellant's best interest. It held that appellant could not show deliberate indifference, and granted summary judgment in favor of the defendants.
 
 II
 
 8
 We review the district court's grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992).
 
 
 9
 The Eighth Amendment, which is made applicable to the states through the Fourteenth, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. This protection also applies to deprivations which are not intended to constitute punishment as part of the sentence imposed. See Estelle v. Gamble, 429 U.S. 97, 103 (1976). A claim that such a non-penal deprivation constitutes cruel and unusual punishment has two prongs. An inmate must satisfy both of these prongs to make out a claim for relief on this ground. See Wilson v. Seiter, --- U.S. ----, ----, 111 S.Ct. 2321, 2324-25 (1991). The "objective" prong addresses whether the deprivation was sufficiently serious to establish a constitutional violation, and the "subjective" component considers whether the custodial official acted with a sufficiently culpable state of mind. Id. at 2324.
 
 
 10
 We find that appellant has not established that the medical care he received at EOCI was objectively inadequate. To make out a constitutional violation, the inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to his serious medical needs. Estelle, 429 U.S. at 106; Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir.1986). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, No 90-16651, slip op. at 10199 (9th Cir. August 24, 1992).
 
 
 11
 Because appellant's medical condition significantly affects his daily activities, and apparently gives rise to chronic and significant pain, he has adduced substantial proof of a serious medical need. Id. He has not, however, adequately shown the appellees' response to that need to be constitutionally deficient.
 
 
 12
 Appellant received treatment promptly upon his arrival at EOCI. He was able to make his medical problems known to the medical staff, and periodic examinations, treatment, and regular medication for his arthritis condition were made available. Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982) (deliberate indifference where prisoners unable to make their medical problems known to the medical staff). Appellant was given medical care that addressed his needs, and which was adjusted to accommodate his condition.
 
 
 13
 The Eighth Amendment does not protect prisoners from diagnosis or treatment that is merely negligent. Estelle, 429 U.S. at 106. Even a condition constituting medical malpractice does not necessarily establish cruel and unusual punishment. Toussaint, 801 F.2d at 1113. "It is only deliberate indifference to serious medical needs that can offend 'evolving standards of decency' which will violate the Eighth Amendment." Id. (quoting Estelle, 429 U.S. at 106). Even construing all facts in his favor, appellant's treatment "cannot be said to be so outrageous as to amount to no treatment at all." Shields v. Kunkel, 442 F.2d 409, 410 (9th Cir.1971). We conclude that appellant has not made a sufficient objective showing that his treatment constituted cruel and unusual punishment in violation of the Eighth Amendment.
 
 
 14
 Appellant also has failed to put forth a sufficient showing on the second component of an Eighth Amendment claim of cruel and unusual punishment. The "subjective" element requires an inquiry into the prison official's state of mind in performing the conduct complained of. Wilson v. Seiter, 111 S.Ct. at 2324.
 
 
 15
 "After incarceration, only the 'unnecessary and wanton infliction of pain' ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Ingraham v. Wright, 430 U.S. 651, 670 (1977) (quoting Estelle, 429 U.S. at 103) (citations omitted). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley v. Albers, 475 U.S. 312, 319 (1986). In this context, a subjective showing of deliberate indifference would constitute "wantonness." Wilson, 111 S.Ct. at 2326.
 
 
 16
 The infliction of pain in the course of a program of medical treatment, therefore, does not constitute cruel and unusual punishment simply because it may appear in retrospect that the therapy was ineffective and resulted in suffering which was unnecessary in the strict sense. Cf. Whitley, 475 U.S. at 319. An assertion that a doctor has acted negligently, or even that he has committed malpractice does not make out a valid claim of medical mistreatment under the Eighth Amendment. Estelle, 429 U.S. at 106.
 
 
 17
 Dr. Diehl considered the treatment he prescribed for appellant--including the required physical activity appellant complains of--to be in appellant's best interest. The determination of a proper therapeutic regimen for an afflicted patient is "a classic matter for medical judgment." Id. at 107. The fact that appellant, or even appellant's affiant Dr. Fraback disagrees with that judgment gives rise at most to a difference of medical opinion concerning his treatment. Even assuming Dr. Fraback's conclusion to be the correct one, this difference of opinion "simply does not amount to a deliberate indifference to [appellant's] serious medical needs." Sanchez v. Vild., 891 F.2d 240, 242 (9th Cir.1989).
 
 
 18
 Appellant has also named E.O.C.I. Health Services Manager Linda Bronson as a party defendant. For the reasons stated above, we find that appellant has not made out an Eighth Amendment violation, and that Ms. Bronson is not liable under 42 U.S.C. § 1983 for her oversight of appellant's treatment.
 
 III
 
 19
 We agree that appellant has not demonstrated an issue of fact material to the determination of his Eighth Amendment claim, and that appellees are entitled to judgment as a matter of law.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3