**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID LINDON HARPINE, | No. 09-35910 |
| Plaintiff - Appellant, | D.C. No. 6:07-cv-01882-TC |
| v. | |
| IGNACIO DE LAS HERAS, in his individual capacity as Clinical Director and JASPAL DHALIWAL, in his own individual capacity as Medical Director at the Federal Correctional Institution at Sheridan, Oregon, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann Aiken, Chief District Judge, Presiding

Submitted December 14, 2010 **

Before: GOODWIN, WALLACE and THOMAS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

David Lindon Harpine, a federal prisoner, appeals pro se from the district court's summary judgment in his action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Harpine's claims against defendant De Las Heras because Harpine failed to present evidence creating a genuine issue of material fact as to whether De Las Heras purposefully ignored or failed to respond to Harpine's medical condition. *See McGuckin v. Smith,* 974 F.2d 1050 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

The district court properly granted summary judgment on Harpine's claims against defendant Dhaliwal because Harpine failed to raise a genuine issue of material fact as to Dhaliwal's alleged deliberate indifference. Dhaliwal prescribed various pain killers and behavior change to treat the condition and referred Harpine to specialists to evaluate his condition and opine as to the need for further treatment. That this was not the treatment Harpine desired does not render it "so outrageous as to amount to no treatment at all." *Shields v. Kunkel*, 442 F.3d 409,

409 (9th Cir. 1971); *see also Sanchez v. Vild*, 891 F.2d 240 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to . . . serious medical needs.").

Harpine's motion for reconsideration is denied. His motion for judicial notice is granted but his motion for an order is denied as unnecessary.

Harpine's remaining contentions are not persuasive.

**AFFIRMED.**

09-35910